POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff*
*William Baker, Additional Plaintiffs*
*Mohammed Thaseen and Jill Sligay,*
*and Co-Lead Counsel for the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, MOHAMMED THASEEN, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, VIJAYA GADDE, and KAYVON BEYKPOUR,<br><br>                              Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANT TWITTER, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE<br><br>Judge:      Hon. Mark. C. Scarsi<br>Date:       May 22, 2023<br>Time:       9:00 a.m.<br>Place:      Courtroom 7C |

PLS.' PARTIAL OBJECTION TO TWITTER'S REQ. FOR JUDICIAL NOTICE          Case No. 2:22-cv-06525-MCS-E

Lead Plaintiff William Baker ("Lead Plaintiff") and additional plaintiffs Mohammed Thaseen, Jill Sligay, Lenard Roque, and Amolkumar Vaidya ("Additional Plaintiffs," and with Lead Plaintiff, "Plaintiffs"), respectfully submit this partial objection to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Twitter, Inc.'s Motion to Dismiss Corrected Amended Class Action Complaint (Dkt. 89) (the "Request"). Specifically, Plaintiffs object to Defendants' Request for the reasons stated below.

## ARGUMENT

Defendants' Request asks the Court to consider twelve documents (the "Exhibits") other than the Corrected Amended Class Action Complaint (the "Complaint") (Dkt. No. 81) in adjudicating the motion to dismiss filed by Twitter, Inc. ("Twitter" and the "Tw.Br.") (Dkt. No. 87) and joined by the Individual Defendants (Dkt. No. 86).[1]

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). Consideration of matters outside the pleading converts a 12(b)(6) motion into a motion for summary judgment unless the external matters are considered under the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201. *Id.*

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But Defendants may not do so to dispute the allegations in the Complaint because "the incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at

---

[1] The Exhibits referenced herein were filed by Defendants as exhibits to the Declaration of Whitney B. Weber (Dkt. No. 88).

PLS.' PARTIAL OBJECTION TO TWITTER'S REQ. FOR JUDICIAL NOTICE    Case No. 2:22-cv-06525-MCS-E

the pleading stage." *Id.* at 1003, 1014.

Rule 201 provides a narrow exception that permits a court to judicially notice an adjudicative fact if it is "not subject to reasonable dispute," meaning the fact is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court may take judicial notice of the existence of a document, but not truth of its contents unless the fact that the party wishes to notice is "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999-1002.

The Ninth Circuit has "note[d] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998. Accordingly, the consideration of documents pursuant to judicial notice or the incorporation-by-reference doctrine must be carefully limited to avoid "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.

Plaintiffs object to the Court's consideration of Exhibits 3, 6, 8, 11, and 14, which Defendants improperly use to dispute the Complaint's allegations. Additionally, Exhibit 3 is not incorporated by reference because it is not mentioned in the Complaint. Plaintiffs do not object to the Court taking judicial notice of the existence of each of the Exhibits. But "a court cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999.

***Exhibit 3*** is a press release Twitter published purportedly describing the July 2020 hack. The Complaint does not mention Exhibit 3 even once, so it is not incorporated by reference. *Khoja*, 899 F.3d at 1002-1003. Even if it were, Defendants are improperly using Exhibit 3 to dispute the Complaint's allegations. The press release makes statements that are substantially similar to ones the Complaint already alleges are misleading. *Compare* Exhibit 3 *with* Dkt. No. 81 ¶¶232-38. The Court cannot assume that statements the Complaint alleges are actionable are true just because Defendants

also made them in a different forum.

*Exhibit 6* is a press release the Complaint alleges contains misleading statements. Defendants refer to Exhibit 6 for the truth of its contents to dispute the Complaint's allegations. Dkt. No. 87, at 10.  That is improper. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

*Exhibit 8* is the August 23, 2022 article reporting on Zatko's whistleblower complaint, which was accompanied by the complaint itself and certain of its exhibits (though Defendants did not submit the complaint or its exhibits). The Court may properly take judicial notice that Twitter's PR department at the time disputed Zatko's allegations, but not that Twitter is right.

*Exhibit 11* is a May 16, 2022 Tweet thread posted by Defendant Agrawal. Defendants offer this document to establish the fact that Twitter "suspend[ed] over half a million spam accounts every day" and "lock[ed] millions of accounts each week that it suspect[ed] may be spam." Tw.Br. at 15. But Plaintiffs allege that the Tweet thread made actionable statements, so, as with Exhibit 6, Defendants are asking the Court to dismiss a claim for fraudulent misstatements by assuming that the statements that Plaintiffs dispute are ***true***.

*Exhibit 14* is a July 7, 2022 *Washington Post* article. Defendants argue that Exhibit 14 establishes that the market already knew that Defendants' mDAU-related misstatements were false and misleading. Tw.Br. at 20-21. But Exhibit 14 merely says that the "debate over bots on Twitter isn't new." The Court can take notice that the *Washington Post* said as much, but not that the statement is true, nor that the information revealed by Elon Musk was already part of any debate.

PLS.' PARTIAL OBJECTION TO TWITTER'S REQ. FOR JUDICIAL NOTICE          Case No. 2:22-cv-06525-MCS-E

**CONCLUSION**

For the reasons set forth above, Defendants' Request should be partially denied.

Dated: April 21, 2023

Respectfully submitted,

POMERANTZ LLP
Jeremy A. Lieberman (*pro hac vice* forthcoming)
Jonathan D. Park (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jpark@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiffs Mohammed Thaseen and Jill Sligay, and Co-Lead Counsel for the Class*

THE ROSEN LAW FIRM, P.A.

By:  *s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684

4

Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jhorne@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiffs Lenard Roque and Amolkumar Vaidya, and Co-Lead Counsel for the Class*


BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Counsel for Additional Plaintiff Mohammed Thaseen*