LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
 *whitney.weber@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
 *andrew.clubok@lw.com*
Susan E. Engel (*Pro Hac Vice*)
 *susan.engel@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest to*
*named Defendant Twitter, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, MOHAMMED THASEEN, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, VIJAYA GADDE, and KAYVON BEYKPOUR,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**DEFENDANT TWITTER, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:  Hon. Mark C. Scarsi<br>Date:  May 22, 2023<br>Time:  9:00 a.m.<br>Place:  Courtroom 7C<br><br>*[Reply in Support of Motion to Dismiss and Opposition to Plaintiffs' Request for Judicial Notice concurrently filed herewith]* |

## I.    INTRODUCTION

Plaintiffs agree that the Court should consider Exhibits 1-2, 4-5, 7, 9-10, 12-13 in ruling on the motions to dismiss.  As to the remaining five exhibits (3, 6, 8, 11, 14), Plaintiffs concede they are properly subject to judicial notice and/or incorporated by reference into their Complaint.  Still, they argue in their Partial Objections to Twitter, Inc.'s Request for Judicial Notice and Incorporation by Reference ("RJN Opp.", Dkt. 102) that the Court should not consider statements contained in the Exhibits because they "dispute" Plaintiffs' arguments.  But Plaintiffs cannot manufacture a securities claim by selecting only portions of documents that support their claims and omitting the rest.  *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018).  The Court should consider all the Exhibits.

## II.    ARGUMENT

### A.    The Exhibits Are Incorporated by Reference, and the Court Should Consider Them in Full

Plaintiffs do not dispute that Exhibits 4 through 14 are incorporated by reference into their Complaint.  RJN Opp. at 3.  Accordingly, the Court should consider their entire contents—not just Plaintiffs' self-selected facts or inferences. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (holding that a document may be "consider[ed] . . . in its entirety" under the incorporation by reference doctrine where Plaintiffs "rel[ied] on portions of it in their complaint"); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)) (explaining that "[a] document may be incorporated by reference into a complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'").  Plaintiffs cite no authority to the contrary.  *See also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Plaintiffs argue that Exhibit 3 is not incorporated by reference because it is not expressly mentioned in the Complaint. But Plaintiffs do not dispute their claims are premised on the July 2020 hacking incident that is the subject of Exhibit 3. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint") (citation omitted). Further, Exhibit 6, which Plaintiffs admit is incorporated by reference, expressly incorporates Exhibit 3 through a hyperlink. *See* Dkt. 88-6 (hyperlinked text "shared in July" linking to Exhibit 3). Exhibit 3 is accordingly incorporated by reference.

### B. The Exhibits Are Judicially Noticeable

Plaintiffs also do not dispute that the Court may take judicial notice of Exhibits 3 through 14. RJN Opp. at 2. Instead, Plaintiffs take issue with Twitter's use of Exhibits 3, 6, 8, 11, and 14, arguing that Twitter "improperly use [these five Exhibits] to dispute the Complaint's allegations," and therefore only the "existence" rather than the "disputed facts" in these Exhibits are judicially noticeable. *Id*. Plaintiffs are mistaken about Twitter's use of the five Exhibits.

*First*, Plaintiffs offer no legal or factual basis in support of their objections to Exhibits 3, 6, 8, 11, and 14. They merely cite to language from *Khoja v. Orexigen Therapeutics* to argue that defendants cannot "present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true . . ." 899 F.3d at 999. But the *Khoja* court specifically also recognized that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment" and further "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss

under Rule 12(b)(6)." *Id.* at 999, 1003 (citations omitted). *Khoja* does not support Plaintiffs' attempt to ask the Court to ignore the context in which the challenged statements were made.

*Second*, contrary to Plaintiffs' assertions, Defendant submits Exhibits 3, 6, 8, 11, and 14 not to introduce a dispute of fact, or ask the Court to resolve a factual dispute, but rather to provide the full context of publicly available information, including when certain information was disclosed to the market. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (citations omitted).

To start, **Exhibit 3** is a Twitter blog post that discloses the July 2020 hacking incident that serves as the premise for many of Plaintiffs' claims. *See, e.g.*, Compl. ¶¶ 4-6, 51-54, 232 & n.19. Defendant cites Exhibit 3 not to "dispute the Complaint's allegations," (RJN Opp. at 2) but rather to permissibly provide context for the attack, including when it occurred (July 15, 2020), as well as when Twitter first disclosed details of the incident to the public (July 18, 2020). Dkt. 87 (Twitter's Mot. to Dismiss) at 2, 3. Because these facts are not subject to reasonable dispute (nor do Plaintiffs dispute them), the Court may take judicial notice of them.

**Exhibits 6 and 11** contain some of Plaintiffs' challenged statements regarding the safety measures Twitter took in the aftermath of the July 2020 hacking attack, and Twitter's efforts to detect and remove spam accounts. Contrary to Plaintiffs' assertions, Defendant is not asking the Court to consider Exhibits 6 and 11 to dispute the Complaint's allegations. Instead, Twitter asks the Court to consider the *full* content and context of the challenged statements. *In re Eventbrite,* 2020 WL 2042078, at *7 ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context."). Further, the Court can properly take notice of information that, as here, "has to do with disclosures regarding [topics] which

Plaintiffs have already discussed in their Complaint," and therefore are not "new facts or different legal arguments." *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 190 (N.D. Cal. 2019). The Court can therefore properly consider the contents, and not just the mere existence, of Exhibits 6 and 11.

*Finally*, the facts in **Exhibits 8 and 14** are also the proper subjects of judicial notice because they show "that the market was aware of the information contained in news articles." *In re Am. Apparel, Inc. S'holder Litig.*, 855 F.Supp.2d 1043, 1062 (C.D. Cal. 2012) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)). Plaintiffs cannot on one hand rely on the facts in the two articles as purported corrective disclosures (*see* Compl. ¶¶ 288-89, 292-93), but on the other argue that the Court may not take judicial notice of the information therein.

## III.    CONCLUSION

Twitter respectfully requests that the Court consider Exhibits 3-14 in their entirety in assessing Twitter's Motion to Dismiss.

Dated: May 5, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Michele D. Johnson*
Michele D. Johnson (CA Bar No. 198298)
  michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
  whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
  andrew.clubok@lw.com
Susan E. Engel (*Pro Hac Vice*)
  susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest to named Defendant Twitter, Inc.*