LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
 whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
 andrew.clubok@lw.com
Susan E. Engel (*Pro Hac Vice*)
 susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest to named Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, MOHAMMED THASEEN, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, VIJAYA GADDE, and KAYVON BEYKPOUR,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**DEFENDANT TWITTER, INC.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Mark C. Scarsi<br>Date: May 22, 2023<br>Time: 9:00 a.m.<br>Place: Courtroom 7C<br><br>*[Reply in Support of Motion to Dismiss and Reply in Support of Request for Judicial Notice concurrently filed herewith]* |

X Corp., successor in interest to named Defendant Twitter, Inc. ("Twitter" or the "Company") opposes Plaintiffs' Request for Judicial Notice ("Plaintiffs' RJN," Dkt. 104) filed in connection with Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Opposition" or "Opp.," Dkt. 101).

## I. INTRODUCTION

Plaintiffs seek judicial notice of a countercomplaint with verification pages. *See* Plaintiffs' RJN at 1-2; Exhibits 1 through 3 attached to the Declaration of Jonathan D. Park in Opposition to Defendants' Motions to Dismiss (Dkts. 103-1, 103-2, 103-3 (the "Exhibits")). They acknowledge that judicial notice is not appropriate for the truth of the documents, but that is exactly what they request the Court do. Indeed, the only reason—and the only time—they cite the Exhibits in their Opposition is to request the Court take the allegations as fact. *See* Opp. at 12-13. This is improper, and in any event, Plaintiffs' RJN is a thinly veiled attempt for Plaintiffs to improperly amend their Complaint through their Opposition. Plaintiffs' RJN should be denied.

## II. ARGUMENT

In ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) (considering documents plaintiffs referenced and relied on in the complaint in a motion to dismiss).

A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But, "the mere mention

1

TWITTER'S OPP TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No. 2:22-cv-06525-MCS-E

of the existence of a document is insufficient to incorporate the contents of a document by reference." *Id.* (rejecting incorporation by reference because "none of the attached documents formed the basis of [the] complaint, and [the complaint] did not refer extensively to any of them").

Plaintiffs do not attempt to argue that their Exhibits are incorporated by reference into their Complaint. Nor can they—not once does their Complaint even reference the Exhibits. It is therefore impossible for the Exhibits to "form the basis of the plaintiff's claim." *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) (analyst reports not incorporated by reference as "[n]one of the[] reports [were] quoted 'extensively' in the complaint, nor d[id] the[] reports 'form the basis of [plaintiff's] claims'") (citation omitted); *Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, 2019 WL 6716292, at *4 (N.D. Cal. Dec. 10, 2019) (email chains not incorporated by reference where complaint did not "refer to the form" of certain contacts and "does not mention emails, let along 'refer[] extensively' to them.") (citation omitted).

Instead, Plaintiffs argue the Court should take judicial notice of Exhibits. Under Federal Rule of Evidence 201, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). And while "[p]ublic records, such as SEC filings, are properly the subject of judicial notice," courts "cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1232 n.2 (N.D. Cal. 2008); *Twin City Fire Ins. Co. v. SLRA Inc.*, 2020 WL 3035793, at *1 (N.D. Cal. June 5, 2020).

None of the Exhibits is judicially noticeable. Plaintiffs claim that "consideration of the Exhibits is necessary to provide context to Defendants'

arguments." Plaintiffs' RJN at 1. They also purportedly request the Court to consider the Exhibits not "for their truth, but only for their existence." *Id*. at 2. Plaintiffs do not explain what "context" is provided by the Exhibits, nor do they cite any authority for the proposition that contextualizing Defendants' *arguments* is a proper basis for Courts to judicially notice documents. Instead, Plaintiffs' request is nothing more than a request that the Court take allegations in a countercomplaint as *true*: in their Opposition, Plaintiffs say that the Court should credit the allegations as "facts" and as "reliable" because the counterclaim was verified. Opp. at 12-13. But that is exactly what is not permitted. Judicial notice of allegations as facts is not proper because the allegations are not "accurately and readily determined." Fed. R. Evid. 201(b). To the contrary, Twitter denied the allegations, which were dismissed. Because the contents of the countercomplaint "comprise disputed facts, a court cannot take notice of their truth." *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 2023 WL 2768743, at *5 (C.D. Cal. Feb. 23, 2023). Indeed, Plaintiffs themselves admit that it is not proper for the Court to consider the allegations for their truth. Plaintiffs' RJN at 2.

And in any event, by offering the Exhibits now, Plaintiffs are improperly attempting to amend their Complaint through their Opposition, which they cannot do. *Bailey v. Avis Budget Grp.*, 2012 WL 5426393, at *2 (N.D. Cal. Nov. 6, 2012) (a "plaintiff cannot avoid dismissal of her complaint by alleging new facts in her opposition to a motion to dismiss."). The "Court cannot consider new facts alleged in opposition papers in deciding a Rule 12(b)(6) motion." *Leon v. Hayward Bldg. Dep't*, 2018 WL 1142112, at *1 n.7 (N.D. Cal. Mar. 2, 2018) (citation omitted) (disregarding new facts alleged in opposition to motion to dismiss).

### III. CONCLUSION

Twitter respectfully requests the Court deny Plaintiffs' Request for Judicial Notice.

| | |
|---|---|
| Dated:  May 5, 2023 | Respectfully submitted, |
| | LATHAM & WATKINS LLP |
| | By /s/ *Michele D. Johnson* <br> Michele D. Johnson (CA Bar No. 198298) <br>   michele.johnson@lw.com <br> 650 Town Center Drive, 20th Floor <br> Costa Mesa, California 92626-1925 <br> Telephone: +1.714.540.1235 |
| | Whitney B. Weber (CA Bar No. 281160) <br>   whitney.weber@lw.com <br> 505 Montgomery Street, Suite 2000 <br> San Francisco, California 94111-6538 <br> Telephone: +1.415.391.0600 |
| | Andrew B. Clubok (*Pro Hac Vice*) <br>   andrew.clubok@lw.com <br> Susan E. Engel (*Pro Hac Vice*) <br>   susan.engel@lw.com <br> 555 Eleventh Street, NW, Suite 1000 <br> Washington, D.C. 20004-1304 <br> Telephone: +1.202.637.3309 |
| | *Attorneys for X Corp., successor in interest to named Defendant Twitter, Inc.* |