UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

THE HON. MARK C. SCARSI, JUDGE PRESIDING

WILLIAM BAKER, INDIVIDUALLY AND )
ON BEHALF OF ALL OTHERS SIMILARLY)
SITUATED,,                        )
                                  )
                  PLAINTIFF,      )
                                  )
          VS.                     ) NO. 2:22-CV-06525-MCS
                                  )
TWITTER, INC., JACK DORSEY, NED   )
SEGAL, AND PARAG AGRAWAL,,        )
                                  )
                  DEFENDANTS.     )
_____ )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

MONDAY, DECEMBER 12, 2022

WIL S. WILCOX, CSR 9178
OFFICIAL U.S. DISTRICT COURT REPORTER
350 WEST 1ST STREET
LOS ANGELES, CALIFORNIA 90012
PHONE: (213) 290-2849

APPEARANCES OF COUNSEL:


FOR THE MOVANT JYOTINDRA PATEL AND [PROPOSED]
CO-LEAD COUNSEL FOR THE CLASS:

                         THE ROSEN LAW FIRM, P.A.
                         BY: PHILIP KIM, ESQ.
                         PKIM@ROSENLEGAL.COM
                         355 SOUTH GRAND AVENUE
                         SUITE 2450
                         LOS ANGELES, CA 90071
                         TELEPHONE: (213) 785-2610


FOR THE MOVANT MOHAMMED A. THASEEN AND
[PROPOSED] CO-LEAD COUNSEL FOR THE CLASS:

                         POMERANTZ LLP
                         BY: ARI Y. BASSER, ESQ.
                         ABASSER@POMLAW.COM
                         1100 GLENDON AVENUE
                         15TH FLOOR
                         LOS ANGELES, CALIFORNIA 90024
                         TELEPHONE: (310) 405-7190


FOR THE DEFENDANT TWITTER:

                         LATHAM & WATKINS LLP
                         BY: WHITNEY B. WEBER, ESQ.
                         WHITNEY.WEBER@LW.COM
                         505 MONTGOMERY ST.
                         SUITE 2000
                         SAN FRANCISCO, CA 94111-6538
                         TELEPHONE: (415) 395-8211


FOR THE DEFENDANT JACK DORSEY:

                         MUNGER, TOLLES & OLSON LLP
                         BY: ABRAHAM R. OVED, ESQ.
                         AVI.OVED@MTO.COM
                         350 SOUTH GRAND AVENUE
                         50TH FLOOR
                         LOS ANGELES, CA 90071-3426
                         TELEPHONE: (213) 683-9153

APPEARANCES OF COUNSEL: (CONTINUED)


FOR THE DEFENDANT PARAG AGRAWAL:

                          SIMPSON THACHER & BARTLETT LLP
                          BY: CHET A. KRONENBERG, ESQ.
                          CKRONENBERG@STBLAW.COM
                          1999 AVENUE OF THE STARS 29TH FLOOR
                          LOS ANGELES, CA 90067
                          TELEPHONE: (310) 407-7500

I N D E X

MONDAY, DECEMBER 12, 2022

CHRONOLOGICAL/ALPHABETICAL INDEX OF WITNESSES

(NONE)

E X H I B I T S

(NONE)

LOS ANGELES, CA.; MONDAY, DECEMBER 12, 2022; 9:02 A.M.

-OOO-

THE CLERK:  CASE NUMBER 2:22-CV-06525-MCS, WILLIAM BAKER VERSUS TWITTER INCORPORATED, ET AL.

COUNSEL, PLEASE STAND AND STATE YOUR APPEARANCES.

MR. KIM:  GOOD MORNING, YOUR HONOR.  PHILIP KIM, ROSEN LAW FIRM, FOR LEAD PLAINTIFF MOVANTS AND PLAINTIFF WILLIAM BAKER.

THE COURT:  GOOD MORNING.

MR. BASSER:  GOOD MORNING, YOUR HONOR.  ARI BASSER FROM POMERANTZ LLP ALSO ON BEHALF OF PLAINTIFFS.

THE COURT:  GOOD MORNING.

MS. WEBER:  GOOD MORNING, YOUR HONOR.  WHITNEY WEBER FROM LATHAM & WATKINS ON BEHALF OF TWITTER.

THE COURT:  GOOD MORNING.

MR. OVED:  GOOD MORNING, YOUR HONOR.  ABRAHAM OVED FROM MUNGER TOLLES & OLSON ON BEHALF OF DEFENDANT JACK DORSEY.

THE COURT:  GOOD MORNING.

MR. KRONENBERG:  CHET KRONENBERG FROM SIMPSON THACHER & BARTLETT FOR THE DEFENDANT PARAG AGRAWAL.

THE COURT:  GOOD MORNING.

OKAY.  GOOD MORNING, EVERYONE.  SO WE'RE HERE

ON A MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL. AND I GUESS I WANT TO GET TO THE ISSUE AS TO WHY THE PROPOSED LEAD PLAINTIFFS ARE ADEQUATE GIVEN THAT THEY SOLD THEIR STOCK BEFORE THE DISCLOSURE OF AUGUST 23RD. SO I GUESS I'LL GO TO THE PLAINTIFFS ON THIS.

MR. BAKER IS NOT -- DID NOT MOVE TO BE APPOINTED AS LEAD PLAINTIFF, AND I'M WONDERING WHY. I KNOW THERE'S SOME SUGGESTION IN THE PAPERS THAT HE WOULD SERVE AS A CLASS REPRESENTATIVE, BUT HE DIDN'T MAKE A FILING, AND SO MAYBE YOU CAN ADDRESS THAT.

MR. KIM: YES, YOUR HONOR.

THE REASON WHY HE DID NOT INITIALLY --

THE COURT: MAYBE FROM THE PODIUM. IT WOULD JUST BE EASIER FOR THE COURT REPORTER TO HEAR.

MR. KIM: UNDERSTOOD, YOUR HONOR.

YES, YOUR HONOR. TO ANSWER THAT QUESTION, THE REASON WHY HE DID NOT INITIALLY MOVE AS LEAD PLAINTIFF, BECAUSE THERE WERE OTHER INVESTORS THAT HAVE LARGER LOSSES, AND THAT WAS MR. PATEL AND MR. THASEEN, AND, THEREFORE, HE DID NOT MAKE A MOTION.

BUT AS NOTED IN OUR REPLY, TO THE EXTENT THAT THE COURT FINDS THE ARGUMENTS MADE BY DEFENDANTS -- PUTTING ASIDE THE ISSUE OF WHETHER THEY HAVE STANDING TO MAKE THOSE ARGUMENTS REGARDLESS, THAT IF THE COURT WERE TO FIND THAT THE PARTIAL CORRECTIVE DISCLOSURES AREN'T

SUFFICIENT HERE TO DEMONSTRATE ADEQUACY FOR MR. THASEEN AND MR. PATEL, MR. BAKER UNDER THE PSLRA IS NOT REQUIRED TO MAKE A MOTION TO BE CONSIDERED A LEAD PLAINTIFF.

THE STATUTE ITSELF SAYS THAT THE PRESUMPTIVE LEAD PLAINTIFF IS ANYONE WHO FOLLOWS A COMPLAINT -- THAT'S MR. BAKER -- OR ANYONE WHO'S MADE A TIMELY MOTION, WHICH ARE MR. THASEEN AND MR. PATEL.

SO THAT WAS SORT OF WHY A FORMAL MOTION WAS NOT FILED ON HIS BEHALF BECAUSE THERE WERE OTHER CLASS MEMBERS WITH LARGER LOSSES.

THE COURT:  OKAY.  AND I GUESS THE COURT CAN THEN, ON ITS OWN, APPOINT MR. BAKER AS THE LEAD PLAINTIFF.

MR. KIM:  THAT'S CORRECT.

THE COURT:  LET ME ASK YOU A QUESTION AS LONG AS YOU'RE UP THERE.

YOU'RE ARGUING THAT LOSS CAUSATION IS NOT APPROPRIATE TO BE CONSIDERED AT THE LEAD PLAINTIFF APPOINTMENT STAGE, AND YOU CITE SOME PERSUASIVE CASE LAW. ANYTHING CONTROLLING IN THIS CIRCUIT ON THAT POINT?

MR. KIM:  I THINK THE CASE LAW WE CITED ARE AT THE DISTRICT COURT LEVEL.  THERE IS NOTHING FROM THE NINTH CIRCUIT THAT TALKS ABOUT IT.  I KNOW THAT THE LANGUAGE IN THE STATUTE SAYS FINANCIAL INTEREST.

THE SPECTRA -- SPECTRUM PHARMACEUTICALS CASE OUT OF NEVADA, THAT IS THE MOST RECENT DECISION TO TACKLE

THAT ISSUE, AND I THINK WHEN YOU HAVE A SITUATION WHERE THERE ARE MULTIPLE POTENTIAL PARTIAL CORRECTIVE DISCLOSURES, COURTS DON'T WADE INTO THE WEEDS OF LOSS CAUSATION AT THE LEAD PLAINTIFF STAGE BECAUSE THAT WILL BE LATER ON WITH THE AMENDED COMPLAINT.

DEFENDANTS EVEN ACKNOWLEDGED, WITH THE STIPULATION WE FILED WITH THE COURT, THAT THEY KNEW AN AMENDED COMPLAINT WAS GOING TO BE FILED THAT WILL BE THE OPERATIVE PLEADING.

THE COURT:  AND YOU DO POINT OUT THAT YOU'RE LOOKING AT MULTIPLE -- MULTIPLE CORRECTIONS -- CORRECTIVE DISCLOSURES, BUT THE COMPLAINT SEEMS TO REALLY FOCUS ON THE AUGUST 23RD DISCLOSURE.

CAN YOU POINT ME TO THE PARTS OF THE CURRENT COMPLAINT THAT REFER TO OTHER CORRECTIVE DISCLOSURES?

MR. KIM:  THE CURRENT COMPLAINT DOES NOT INCLUDE THE OTHER CORRECTIVE DISCLOSURES.

THE COURT:  TELL ME ABOUT THE AMENDED COMPLAINT YOU'RE CONTEMPLATING FILING.  WILL IT COVER A DIFFERENT SET OF CLASS MEMBERS?  WILL IT EXPAND THE CLASS PERIOD? AND I'M JUST WONDERING HOW IT SORT OF WOULD CHANGE THE MIX HERE.

MR. KIM:  WELL, THE AMENDED COMPLAINT IS NOT GOING TO CHANGE A CLASS PERIOD UNLESS PERHAPS THERE'S SOME UNFORESEEN NEWS THAT'S GOING TO COME OUT, AND PERHAPS

SOMETIMES THAT WON'T EVEN CHANGE A CLASS PERIOD.  THAT MIGHT JUST BE AN ADDITIONAL DISCLOSURE WHERE THERE MAY BE DAMAGES.

BUT THE CLASS PERIOD IS GOING TO BE THE SAME, WE ANTICIPATE, AND THAT THESE ADDITIONAL PARTIAL CORRECTIVE DISCLOSURES WOULD BE INCLUDED.  AND PERHAPS THERE MAY BE OTHERS, BUT THAT'S PART OF THE NORMAL SORT OF AMENDMENT PROCESS.

THE COURT:  I'M JUST WONDERING, SO WILL THE MEMBERS OF THE CLASS BE DIFFERENT?

MR. KIM:  THEY WILL BE THE SAME BECAUSE THE CLASS WILL BE DEFINED AS ANYONE WHO BOUGHT AND SOLD THE SECURITIES DURING THE CLASS PERIOD AND THE CLASS PERIOD IS GOING TO BE THE SAME.

THE COURT:  SO YOU WOULD AGREE WITH ME IF THE CLASS PERIOD'S THE SAME BUT THERE'S DIFFERENT CORRECTIVE DISCLOSURES OR ADDITIONAL CORRECTIVE DISCLOSURES, THEN THERE MIGHT BE CLASS MEMBERS THAT COULD HAVE A GREATER STAKE IN THIS CASE THAN THE TWO PROPOSED LEAD PLAINTIFFS ONCE WE HAVE AN AMENDED COMPLAINT?

MR. KIM:  WELL, I DON'T THINK SO, YOUR HONOR, BECAUSE A NOTICE WAS ALREADY ISSUED WITH RESPECT TO ANY INVESTORS WHO BOUGHT DURING THE CLASS PERIOD, AND THE WAY THAT WE CALCULATED THE LOSSES WAS A STRAIGHT CALCULATION BASED ON AMOUNT SPENT LESS PROCEEDS FROM SALES.

WE DID NOT TAKE INTO CONSIDERATION WHETHER OR NOT YOU WOULD CREDIT LOSSES FROM THIS SALE AND PURCHASE OR A SALE AND PURCHASE, YOU KNOW, AFTER THE CORRECTIVE DISCLOSURE WHICH DEFENDANTS WANT, YOU KNOW, THE COURT TO DELVE INTO.

YOU KNOW, THEIR POSITION IS, IS THAT IF YOU BOUGHT AND SOLD BEFORE THE END OF THE CLASS PERIOD, YOU HAVE NO DAMAGES.  OUR POSITION IS, IS IF YOU BOUGHT AND SOLD IN THE CLASS PERIOD AT THIS STAGE, YOU CREDIT THOSE LOSSES AT FACE VALUE.

THE COURT:  RIGHT.  RIGHT.  BUT YOU'LL AGREE THAT THE CURRENT OPERATIVE COMPLAINT IS REALLY FOCUSED ON THAT AUGUST 23RD DISCLOSURE?

MR. KIM:  THAT'S CORRECT, YOUR HONOR.

THE COURT:  OKAY.  LET ME ASK YOU THIS.  WHAT HAPPENS TO THIS CASE -- SO LET'S SAY I DECIDE THAT THE PROPOSED LEAD PLAINTIFFS ARE NOT ADEQUATE TO REPRESENT THE CLASS BECAUSE THEY SOLD THEIR STOCK BEFORE THE AUGUST 23RD DISCLOSURE.  WHAT HAPPENS NEXT?

MR. KIM:  WELL, IF THE COURT WERE TO MAKE THAT RULING, OUR POSITION IS THE COURT SHOULD CONSIDER MR. BAKER BECAUSE HE DID FILE A COMPLAINT, AND UNDER THE STATUTE, THE COURT IS TO APPOINT A LEAD PLAINTIFF WHO EITHER HAS FILED THE COMPLAINT, MR. BAKER, WHO THE DEFENDANTS CONCEDE HELD THROUGH THE AUGUST CORRECTIVE

DISCLOSURE AND HAS STANDING AND HAS LOSSES.  THAT'S WHO THE COURT SHOULD APPOINT.

THERE ISN'T A SITUATION WHERE -- THERE'S NOTHING IN THE STATUTE, THERE'S NOTHING IN THE CASE LAW THAT WOULD INDICATE THAT IF THE LEAD PLAINTIFF MOVANTS ARE NOT ADEQUATE THAT THE COURT JUST DISMISSES THE CASE AS THE DEFENDANTS WANT THE COURT TO DO.

THE COURT:  AND SO YOU THINK IT WOULD BE INAPPROPRIATE FOR THE COURT TO DISMISS THE CASE AT THAT POINT?

MR. KIM:  YES, YOUR HONOR.  GIVEN THE CIRCUMSTANCE THAT WE HAVE A SITUATION WHERE WE HAVE A PLAINTIFF UNDER THE STATUTE THAT THE COURT COULD CONSIDER TO BE A LEAD PLAINTIFF.

THE COURT:  AND WHAT'S THE BEST CASE YOU CAN POINT ME TO THAT TELLS ME I SHOULD DO THAT?

AND, AGAIN, ASSUMING I FIND THAT THE TWO PROPOSED LEAD PLAINTIFFS ARE NOT ADEQUATE, WHAT'S THE AUTHORITY THAT YOU CAN POINT ME TO THAT SAYS I SHOULD APPOINT MR. BAKER AS OPPOSED TO DISMISSING THE CASE?

MR. KIM:  THERE ISN'T A CASE DIRECTLY ON POINT INVOLVING THIS TYPE OF SITUATION.  I WOULD SAY, YOUR HONOR, TO THE PLAIN LANGUAGE OF THE STATUTE WHICH SAYS IN ASSESSING A LEAD PLAINTIFF, THE COURT IS TO SELECT EITHER SOMEONE WHO'S FILED THE COMPLAINT OR MADE A TIMELY MOTION.

I MEAN, THIS IS KIND OF A RARE SITUATION.

THE COURT:  OKAY.

MR. KIM:  AND AS WE NOTE IN OUR PAPERS, YOUR HONOR, I MEAN, THE PRACTICAL CIRCUMSTANCE, IF THE COURT WERE TO DISMISS THIS, THEN THERE WOULD JUST BE ANOTHER COMPLAINT FILED THAT WOULD ALLEGE THESE CORRECTIVE DISCLOSURES AND WE'D BE BACK HERE AGAIN IN 60 DAYS.

SO, YOU KNOW, I THINK, YOU KNOW, THIS ISN'T A SITUATION WHERE THERE ISN'T ANOTHER PLAINTIFF STANDING BY WHO'S BEFORE THE COURT IN A TIMELY WAY UNDER THE STATUTE TO BE LEAD PLAINTIFF, RIGHT?

SO AS WE NOTED IN OUR RESPONSE, I THINK WE'RE JUST GOING TO DELAY THINGS FOR ANOTHER 60 DAYS AND BE BACK HERE.  AND I THINK, GIVEN THOSE CIRCUMSTANCES, THAT WOULD WEIGH IN FAVOR OF THE COURT MOVING FORWARD AND APPOINTING EITHER MR. PATEL AND MR. THASEEN AS LEAD PLAINTIFF.  IF FOR SOME REASON THE COURT FINDS THAT THEY'RE NOT ADEQUATE, CERTAINLY MR. BAKER, WHICH NO ONE OPPOSES, SHOULD BE LEAD PLAINTIFF.

THE COURT:  OKAY.  THANK YOU, COUNSEL.

I KNOW THAT THE DEFENDANTS DON'T HAVE STANDING TO CHALLENGE APPOINTMENT OF A LEAD PLAINTIFF. BUT WHY DON'T I JUST ASK YOU WHETHER YOU KNOW OF ANY AUTHORITY THAT TELLS ME WHETHER I SHOULD DISMISS THE CASE OR WHETHER I SHOULD APPOINT MR. BAKER OR APPOINT THEM ALL

AS CO-LEAD BUT JUST ON THAT QUESTION?

MS. WEBER:  SURE, YOUR HONOR.  I'LL GO TO THE PODIUM AS WELL SO IT'S A LITTLE BIT LOUDER.

THE COURT:  THANK YOU.

MS. WEBER:  YOUR HONOR, I DO -- I DO AGREE THAT THIS IS A FAIRLY UNIQUE SITUATION WHEN -- WHICH IS WHY THIS DOESN'T OFTEN COME UP.  AND SO, YOU KNOW, WE ACTUALLY SURVEYED EVERYONE AT OUR FIRM, AND NO ONE HAS EVER RESPONDED TO A LEAD PLAINTIFF MOTION IN THIS FASHION BEFORE, BUT THESE ARE PRETTY UNIQUE CIRCUMSTANCES.

I WILL POINT THE COURT TO A NINTH CIRCUIT DECISION THAT CAME OUT FAIRLY RECENTLY IN WHICH CASE THE NINTH CIRCUIT DID AFFIRM THE DISTRICT COURT NOT APPOINTING SOMEBODY AS LEAD PLAINTIFF WHERE THEY ACTUALLY SOLD ALL OF THEIR SHARES BEFORE A CORRECTIVE DISCLOSURE.  THAT'S *IN RE SONTHALIA*.  IT'S 2022 WESTLAW 3445815.  IT'S AUGUST 17TH, 2022.

TO ANSWER YOUR QUESTION ABOUT WHAT THE COURT SHOULD DO IF IT FINDS THAT NEITHER OF THE LEAD PLAINTIFFS -- OR NEITHER OF THE MOVANTS ARE ADEQUATE LEAD PLAINTIFFS, I DON'T KNOW THAT WE AGREE THAT MR. BAKER IS AN ADEQUATE LEAD PLAINTIFF EITHER.  MR. BAKER FILED A CERTIFICATION THAT SHOWS THAT HE PURCHASED SHARES DURING THE CLASS PERIOD, BUT IT NEVER SAYS WHEN HE SOLD HIS SHARES.

I THINK WHAT MAKES THIS A PARTICULARLY UNIQUE AND INTERESTING SITUATION IS THAT, UNLIKE A LOT OF OTHER CASES, SHORTLY AFTER THE ALLEGED CORRECTIVE DISCLOSURE, THE COMPANY WENT PRIVATE IN A SALE TO ELON MUSK AT ABOUT $54 A SHARE WHICH SUBSTANTIALLY LIMITED THE NUMBER OF PLAINTIFFS WHO ACTUALLY SUFFERED LOSSES HERE, WHICH IS WHY WE'RE IN THIS SORT OF UNIQUE SITUATION.

EVEN WITH RESPECT TO THE POTENTIAL ADDITIONAL CORRECTIVE DISCLOSURES, YOU KNOW, I GUESS WE MIGHT BE AMENABLE TO A SITUATION IN WHICH THE CLASS PERIOD WAS SHORTENED SO THAT MAY 9TH WAS THE LAST DAY, BUT I'M STILL NOT SURE HOW EITHER MR. THASEEN OR MR. PATEL COULD ACTUALLY REPRESENT AND ADEQUATELY REPRESENT OR TYPICALLY REPRESENT A CLASS WHERE THEY DID NOT ACTUALLY END UP HOLDING THE STOCK THROUGH THE REMAINING SEVERAL-MONTH CLASS PERIOD.

AS TO THE NOVEMBER 2ND ALLEGED NEW CORRECTIVE DISCLOSURE, AGAIN, IT'S NOT CLEAR TO ME THAT EITHER PLAINTIFF WOULD HAVE STANDING FOR THAT ONE EITHER. MR. THASEEN APPEARS TO HAVE BOTH PURCHASED AND SOLD AS OF THAT DAY BUT DIDN'T OWN ANY STOCK BEFORE THAT DAY, AND MR. PATEL DIDN'T OWN ANY STOCK AS OF THAT DAY.

MR. PATEL ALSO DIDN'T OWN ANY STOCK AS TO THE NEXT CORRECTIVE DISCLOSURE, WHICH WAS FEBRUARY 11TH, AND MR. THASEEN DIDN'T OWN ANY FOR THE LAST ONE, MAY 9TH.

AND SO, YOU KNOW, IT'S AGAIN A SITUATION WHERE IT APPEARS TO US THIS IS THE UNIQUE SITUATION WHERE I'M NOT SURE THAT EITHER PLAINTIFF IS THE APPROPRIATE LEAD PLAINTIFF UNDER THE PSLRA WHICH IS SUPPOSED TO ENCOURAGE CLIENT-DRIVEN LITIGATION.

THE COURT:  THANK YOU, COUNSEL.

LET ME GO BACK TO THE PLAINTIFFS FOR A SECOND.  JUST DEALING WITH THE INDIVIDUAL POTENTIAL LEAD PLAINTIFFS, MR. PATEL, CAN YOU POINT TO ME IN THE PAPERS WHERE YOU IDENTIFY WHEN HE PURCHASED AND SOLD THE STOCK?

MR. KIM:  YES, YOUR HONOR.

IT'S DOCKET NUMBER 28-3.  IT'S HIS LOSS CHART --

THE COURT:  OKAY.

MR. KIM:  -- WHERE IT INDICATES MR. PATEL'S PURCHASE ON APRIL 27TH OF 2022 AND THEN LATER HIS SALE ON 5/9/2022.

THE COURT:  OKAY.  AND THEN THE OTHER POTENTIAL LEAD PLAINTIFF, MR. THASEEN?

MR. KIM:  YES, MR. THASEEN, HE'S GOT HIS LOSS CHART WHICH IS DOCKET NUMBER 32 -- I PUT A HOLE PUNCH RIGHT WHERE IT'S AT -- 32-1 IS A SCHEDULE OF HIS TRANSACTIONS.

THE ONE POINT I'D LIKE TO MAKE, YOUR HONOR, WHILE YOU'RE LOOKING AT THAT IS THIS NOTION THAT YOU NEED A LEAD PLAINTIFF THAT'S REQUIRED TO HOLD THROUGH EVERY SINGLE CORRECTIVE DISCLOSURE.  THAT'S JUST NOT THE LAW.

OTHERWISE, YOU'D HAVE -- YOU'D NEED A LEAD PLAINTIFF VIRTUALLY FOR EVERY SINGLE DAY LOGICALLY IF YOU THINK ABOUT IT.

THERE ARE CASES -- THIS IS NOT AN ARGUMENT THAT THEY MADE, BUT THERE ARE CASES THAT JUST COME OFF OF MEMORY.  THERE'S A CASE IN RE SYNTAX-BRILLIAN.  IT WAS A DECISION ON CLASS CERTS OUT OF THE DISTRICT OF ARIZONA. AND THAT CASE ALSO CITES A NUMBER OF CASES THAT SAY, YOU KNOW, IN ORDER TO BE A CLASS REPRESENTATIVE OR A LEAD PLAINTIFF, YOU DO NOT HAVE TO HAVE A PLAINTIFF THAT'S HELD THROUGH EVERY SINGLE DISCLOSURE.

AS LONG AS YOU HAVE A PLAINTIFF THAT HELD THROUGH ONE OF THEM, THEIR CLAIM IS TYPICAL, RIGHT? TYPICALITY TALKS ABOUT WHETHER OR NOT A PLAINTIFF IS SIMILARLY SITUATED AND HAS THE SAME INCENTIVE TO PROVE THE ALLEGED CLAIM.

HERE THE ALLEGED CORRECTIVE DISCLOSURES, THE ONES WE CITED IN OUR REPLY, ALL ARISE FROM THE SAME THEORY.  SO IT'S NOT A SITUATION WHERE YOU HAVE A PLAINTIFF WHO WANTS TO PROVE ONE OF THE DISCLOSURES BUT NOT THE OTHER, RIGHT?  THEY ALL GO HAND IN HAND.

IF WE'RE ABLE TO PROVE -- PROPERLY ALLEGE AND PROVE A FRAUD -- RIGHT? -- ALL THESE PARTIAL CORRECTIVE DISCLOSURES WILL FALL INTO LINE, RIGHT?  WE HAVE THE SAME INCENTIVE.

IT'S NOT A CASE WHERE WE'RE ALLEGING ALTERNATE THEORIES WHERE YOU MIGHT HAVE A SITUATION WHERE A CLASS REPRESENTATIVE OR LEAD PLAINTIFF'S CLAIM IS ATYPICAL -- RIGHT? -- MEANING THAT THEY'RE NOT SIMILARLY SITUATED OR THAT THEY DON'T HAVE SUFFICIENT IDENTITY OF CLAIMS.

THE COURT:  AND THEN TELL ME, WHAT WAS MR. BAKER'S LOSS?

MR. KIM:  MR. BAKER'S LOSS WAS APPROXIMATELY A LITTLE NORTH OF $5,000.  I DON'T HAVE THE SPECIFIC NUMBERS BECAUSE HE DIDN'T MAKE A FORMAL MOTION.  BUT HIS LOSS WAS LESS THAN MR. PATEL'S, AND THAT WAS THE THINKING BEHIND OF COMING FORWARD WITH MR. PATEL RATHER THAN MR. BAKER.

THE COURT:  OKAY.  THANK YOU, COUNSEL.

I DON'T THINK I'VE GOT ANY OTHER QUESTIONS. DO EITHER OF THE OTHER DEFENDANTS' COUNSELS WISH TO BE HEARD?

I KNOW THAT -- AGAIN, I KNOW COUNSEL MADE SOME ARGUMENTS ABOUT LEAD PLAINTIFF.  AND I APPRECIATE THE FILING, ALTHOUGH I DON'T KNOW THAT THE DEFENDANTS REALLY HAVE STANDING TO OBJECT, BUT OBVIOUSLY THE COURT APPRECIATES THE INFORMATION.  BUT DOES ANYBODY ELSE WANT TO BE HEARD?

MR. OVED:  NO, YOUR HONOR.

MR. BASSER:  NO, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU VERY MUCH.  I APPRECIATE IT.  THE COURT WILL ISSUE AN ORDER.

MR. KIM:  THANK YOU, YOUR HONOR.


(AT 9:18 A.M. PROCEEDINGS WERE ADJOURNED.)

--OOO--

CERTIFICATE

I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATE:  JANUARY 15, 2023

/S/____WIL S. WILCOX _____

U.S. COURT REPORTER
CSR NO. 9178