David L. Anderson (SBN 149604)
dlanderson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants Parag Agrawal and Ned Segal*

Additional Counsel on Signature Page

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          v.<br><br>TWITTER, INC., et al.,<br><br>                              Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>*[Filed concurrently with Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; Declaration of Jaime A. Bartlett; and [Proposed] Orders and Defendant Twitter, Inc.'s Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; Declaration of Whitney B. Weber; Request for Judicial Notice; and [Proposed] Orders]*<br><br>Judge: Hon. Mark C. Scarsi<br><br>Hearing Date: January 22, 2024<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7C |

Defendants Jack Dorsey, Parag Agrawal, and Ned Segal ("Individual Defendants") respectfully request that the Court consider and/or take judicial notice of the following documents, attached to the Declaration of Jaime A. Bartlett filed concurrently herewith, in connection with the Individual Defendants' Motion to Dismiss Third Amended Class Action Complaint ("TAC"). For the reasons set forth below, the Court should consider the contents of these documents pursuant to the incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting case law:

- **Exhibit A:** A February 7, 2019 Shareholder Letter, entitled "Twitter Q4 and Fiscal Year 2018 Shareholder Letter," which was filed publicly with the Securities and Exchange Commission ("SEC") on February 7, 2019. All SEC filings are publicly available at www.sec.gov.

- **Exhibit B:** A February 7, 2019 *Fortune* Magazine article entitled "Twitter Shares Tank Despite Big Revenue and Profit Gains," which is publicly available at https://www.yahoo.com/now/twitter-shares-tank-despite-big-134553940.html.

- **Exhibit C:** An October 24, 2019 *Reuters* article entitled "Twitter ad platform suffers tech glitches, hitting revenue; shares tumble," which is publicly available at https://www.reuters.com/article/us-twitter-results/twitter-ad-platform-suffers-tech-glitches-hitting-revenue-shares-tumble-idUSKBN1X31C8.

- **Exhibit D:** A February 25, 2021 *Reuters* article entitled "Twitter sees revenue doubling in 2023, shares hit record high," which is publicly available at https://financialpost.com/pmn/business-pmn/twitter-sees-revenue-doubling-in-2023-shares-hit-record-high-2.

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
CASE NO. 2:22-cv-06525-MCS-E

- **Exhibit E:** A June 7, 2022 *Reuters* article entitled "Twitter gears up for most ambitious quarter of user growth – internal meeting," which is publicly available at https://www.reuters.com/technology/twitter-tells-employees-it-targets-13-million-user-growth-this-quarter-2022-06-07/#:~:text=Twitter%20is%20aiming%20to%20grow,ever%20set%2C%20leaders%20told%20staff.

- **Exhibit F:** A July 8, 2022 letter from Elon Musk's attorneys to Twitter, which Twitter filed publicly with the SEC.

- **Exhibit G:** A July 7, 2022 *Washington Post* article entitled "Elon Musk's deal to buy Twitter is in peril," which is publicly available at https://www.washingtonpost.com/technology/2022/07/07/elon-musk-twitter-jeopardy/.

## I.    ARGUMENT

When "faced with a Rule 12(b)(6) motion to dismiss a § 10(b) action, courts must . . . consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The incorporation-by-reference doctrine allows the Court to consider documents referenced in the TAC even if they are not physically attached as exhibits. *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). "The doctrine prevents plaintiffs from selecting only portions of documents that support their

claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Once a document is incorporated by reference, the court "may treat such a document as part of the complaint," "may assume that its contents are true for purposes of a motion to dismiss," and "can consider the entire document, not simply the portion on which plaintiffs rely." *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) (citations omitted); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Because Plaintiffs incorporate by reference Mr. Hunt's declaration, relying on portions of it in their complaint, we may properly consider the declaration in its entirety.").

In addition to the judicial doctrine of incorporation by reference, the Court may take judicial notice, pursuant to Federal Rule of Evidence 201, of any fact that is "not subject to reasonable dispute," because it is either "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Documents subject to judicial notice can be considered in deciding a motion to dismiss without converting the motion into one for summary judgment. *Orexigen*, 899 F.3d at 999.

As explained below, Exhibits A to G submitted in connection with the Individual Defendants' Motion to Dismiss are all incorporated by reference into the TAC, subject to judicial notice under Rule 201 of the Federal Rules of Evidence, or both.

### A.    The Exhibits Are Incorporated By Reference

The Exhibits below are incorporated by reference into the TAC because they "form the basis of" Plaintiffs' claims. *Orexigen*, 899 F.3d at 1002. The Court may therefore consider all portions of the Exhibits, including the portions cited by the Individual Defendants, in deciding the motion to dismiss. *NVIDIA*, 768 F.3d at 1058 n.10; *Ixia*, 2015 WL 1775221, at *14; *see also Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating by reference SEC

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
CASE NO. 2:22-cv-06525-MCS-E

filing referred to and relied on in the complaint); *Orexigen*, 899 F.3d at 1004-05 (incorporating by reference articles that "formed the basis of" plaintiffs' allegations).

| Exhibit | Plaintiffs' Allegations and TAC Cites |
|---|---|
| **Exhibit A:** February 7, 2019 Shareholder Letter entitled, "Twitter Q4 and Fiscal Year 2018 Shareholder Letter" | Plaintiffs claim that Twitter's mDAU disclosures were misleading because, in the February 7, 2019 Shareholder Letter, Twitter "explicitly represented . . . mDAU only included users that saw ads." ¶¶ 281-85. |
| **Exhibit B:** February 7, 2019 *Fortune* Magazine article entitled "Twitter Shares Tank Despite Big Revenue and Profit Gains" | Plaintiffs claim that the market interpreted the February 7, 2019 Shareholder Letter to mean that mDAU only included users that saw ads, and cite the February 7, 2019 *Fortune* Magazine article in support of this claim. ¶ 283. |
| **Exhibit C:** October 24, 2019 *Reuters* article entitled "Twitter ad platform suffers tech glitches, hitting revenue; shares tumble" | Plaintiffs claim that the market interpreted the February 7, 2019 Shareholder Letter to mean that mDAU only included users that saw ads, and cite the October 24, 2019 *Reuters* article in support of this claim. ¶ 283. |
| **Exhibit D:** February 25, 2021 *Reuters* article entitled "Twitter sees revenue doubling in 2023, shares hit record high" | Plaintiffs claim that, during the Class Period, the market interpreted the February 7, 2019 Shareholder Letter to mean that mDAU only included users that saw ads, and cite the February 25, 2021 *Reuters* article in support of this claim. ¶ 284. |
| **Exhibit E:** June 7, 2022 *Reuters* article entitled "Twitter gears up for most ambitious quarter of user growth – internal meeting" | Plaintiffs claim that, during the Class Period, the market interpreted the February 7, 2019 Shareholder Letter to mean that mDAU only included users that saw ads, and cite the June 7, 2022 *Reuters* article in support of this claim. ¶ 284. |
| **Exhibit F:** July 8, 2022 letter from Elon Musk's attorneys to Twitter, which Twitter filed publicly with the SEC | Plaintiffs claim that the July 8, 2022 letter that Twitter filed with SEC "showed that the *Post* report was true and that Musk withdrew, in part, because he learned that Defendants' statements had been false," and claim that this letter led to a Twitter stock price decline that was "both the materialization of the risk Defendants' false statements concealed and the correction of these false statements." ¶¶ 336, 338. |
| **Exhibit G:** July 7, 2022 *Washington Post* article entitled "Elon Musk's deal to buy Twitter is in peril" | Plaintiffs claim that the July 7, 2022 *Washington Post* article "reported that Musk's agreement to acquire Twitter was 'in peril'" and that "Musk and his team concluded that they could not verify |

| | Twitter's claims regarding fake and spam accounts, were prepared to make 'a change in direction,' and had 'stopped engaging in certain discussions around funding' for the acquisition." ¶ 335. Plaintiffs claim that this July 7, 2022 *Washington Post* article caused a stock price decline and "was itself caused by Musk's discovery that the specific statements complained of herein were false." ¶ 337. |
|---|---|

## B.    The Exhibits Are Subject to Judicial Notice

In addition to being incorporated by reference, Exhibits A to G are subject to judicial notice under Federal Rule of Evidence 201(b) because they are all either publicly-available SEC filings or publicly-available news articles.

### 1.    Twitter's SEC Filings Are Judicially Noticeable

Exhibits A and F are subject to judicial notice because they are Twitter's SEC filings which are filed publicly and are therefore "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," namely the SEC's public website. Fed. R. Evid. 201(b); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding that judicial notice of SEC filings was proper); *HF Foods*, 2021 WL 3772850, at *2 ("[T]he Court may properly take judicial notice of SEC filings."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available.") (internal citations and quotations omitted); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency.").

### 2.    Public News Articles Are Judicially Noticeable

Judicial notice of Exhibits B, C, D, E, and G is appropriate because these documents are publicly-available news articles, whose contents are "not subject to reasonable dispute" because they "can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned," namely the publications themselves. Fed. R. Evid. 201(b); *see also Am. Apparel*, 855 F. Supp. 2d at 1062 ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the information contained in news articles . . .'") (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n. 18 (9th Cir.1999)).

## II.    CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court consider Exhibits A to G in connection with their Motion to Dismiss.

Respectfully Submitted,

Dated: November 10, 2023                SIDLEY AUSTIN LLP

By */s/ Jaime A. Bartlett*
David L. Anderson (SBN 149604)
dlanderson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants Parag Agrawal and Ned Segal*

Dated: November 10, 2023                MUNGER, TOLLES & OLSON LLP

By */s/ George M. Garvey*
George M. Garvey (SBN 89543)
george.garvey@mto.com

Abraham R. Oved (SBN 335927)
avi.oved@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

*Attorneys for Defendant Jack Dorsey*

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS
CASE NO. 2:22-cv-06525-MCS-E

## **CIVIL L.R. 5-4.3.4(a)(2)(i) ATTESTATION**

I, Jaime A. Bartlett, am the ECF user whose ID and password are being used to file REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT. In compliance with Civil Local Rule 5-4.3.4(2)(i), I hereby attest that counsel for all signatories listed on the signature page have concurred in this filing.

Dated:  November 10, 2023              By:    /s/ *Jaime A. Bartlett*

Jaime A. Bartlett