LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
  *whitney.weber@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
  *andrew.clubok@lw.com*
Susan E. Engel (*Pro Hac Vice*)
  *susan.engel@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest
to named defendant Twitter, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, MOHAMMED THASEEN, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, VIJAYA GADDE, and KAYVON BEYKPOUR,<br><br>Defendants. | Case No. 2:22-cv-06525-MSC-E<br><br>**REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF TWITTER, INC.'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Mark C. Scarsi<br>Date:   January 22, 2024<br>Time:   9:00 a.m.<br>Place:  Courtroom 7C<br><br>*[Notice of Motion and Motion to Dismiss; supporting Declaration of Whitney B. Weber; and [Proposed] Orders filed and served concurrently herewith]* |

# **TABLE OF CONTENTS**

**Page**

I.    Argument ....................................................................................................... 4

    A.    Exhibits 2 Through 22 Are Incorporated By Reference Into the TAC ...................................................................................................... 6

    B.    The Exhibits Are Subject to Judicial Notice ...................................... 10

        1.    Twitter's SEC Filings Are Judicially Noticeable ..................... 11

        2.    Twitter's Public Statements In Blog Posts and Information Pages Are Judicially Noticeable ........................... 11

        3.    Public News Articles Are Judicially Noticeable ...................... 12

        4.    The FTC Complaint Is Judicially Noticeable ........................... 13

        5.    Twitter's Stock Price Is Judicially Noticeable ........................ 13

II.    Conclusion ................................................................................................... 14

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

i

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS TAC
Case No. 2:22-cv-06525-MSC-E

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*In re Am. Apparel, Inc. S'holder Litig.*,
    855 F. Supp. 2d 1043 (C.D. Cal. 2012)........................................................................4, 13

*In re Am. Apparel, Inc. S'holder Litig.*,
    2013 WL 174119 (C.D. Cal. Jan. 16, 2013)......................................................................13

*In re Amgen Inc. Sec. Litig.*,
    544 F. Supp. 2d 1009 (C.D. Cal. 2008).............................................................................9

*In re Apple Inc. Sec. Litig.*,
    2020 WL 2857397 (N.D. Cal. June 2, 2020) .....................................................................5

*In re BofI Holding, Inc. S'holder Litig.*,
    2017 WL 784118 (S.D. Cal. Mar. 1, 2017)......................................................................13

*Brodsky v. Yahoo! Inc.*,
    630 F. Supp. 2d 1104 (N.D. Cal. 2009) ......................................................................10, 13

*Calhoun v. Google LLC*,
    526 F. Supp. 3d 605 (N.D. Cal. 2021)..............................................................................13

*In re CNET Networks, Inc. S'holder Deriv. Litig.*,
    483 F. Supp. 2d 953 (N.D. Cal. 2007)..............................................................................10

*Enigma Software Group USA LLC v. Malwarebytes, Inc.*,
    2021 WL 3493764 (N.D. Cal. Aug. 9, 2021)....................................................................11

*Erickson v. Neb. Mach. Co.*,
    2015 WL 4089849 (N.D. Cal. 2015) ................................................................................12

*In re Eventbrite, Inc. Sec. Litig.*,
    2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ...............................................................4, 10

*In re Extreme Networks, Inc. S'holder Deriv. Litig.*,
    573 F. Supp. 2d 1228 (N.D. Cal. 2008) .............................................................................5

*In re Facebook, Inc. Sec. Litig.*,
    405 F. Supp. 3d 809 (N.D. Cal. 2019)...............................................................9, 10, 12, 13

*In re Facebook, Inc. Sec. Litig.*,
477 F. Supp. 3d 980 (N.D. Cal. 2020), *rev'd in other part, In re Facebook, Inc. Securities Litig.*, 2023 WL 6857600 (9th Cir. Oct. 18, 2023)......................11, 12

*In re Fastly, Inc. Sec. Litig.*,
2021 WL 5494249 (N.D. Cal. Nov. 23, 2021) ...............................................9

*Garcia v. J2 Glob., Inc.*,
2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ...............................................12

*Gerristen v. Warner Bros. Ent. Inc.*,
112 F. Supp. 3d 1011 (C.D. Cal. 2015)........................................................13

*In re Google Priv. Pol'y Litig.*,
2012 WL 6738343 (N.D. Cal. Dec. 28, 2012) ..............................................13

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999)........................................................................13

*Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*,
522 F. Supp. 3d 660 (N.D. Cal. 2021)............................................................4

*In re Kalobios Pharms., Inc. Sec. Litig.*,
258 F. Supp. 3d 999 (N.D. Cal. 2017)..........................................................13

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ...............................................................4, 9, 10

*Lloyd v. CVB Fin. Corp.*,
2012 WL 12883522 (C.D. Cal. Jan 12, 2012)..............................................14

*Mendoza v. HF Foods Grp. Inc.*,
2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) ...............................................4

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008)................................................................11, 14

*In re NVIDIA Corp. Sec. Litig.*,
768 F.3d 1046 (9th Cir. 2014).........................................................................5

*Okla. Firefighters Pension & Ret. Sys. v. Ixia*,
2015 WL 1775221 (C.D. Cal. Apr. 14, 2015)................................................5

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008) .................................................................11

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

iii

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS TAC
Case No. 2:22-cv-06525-MSC-E

*Russian Hill Capital, LP v. Energy Corp. of Am.*,
  2016 WL 1029541 (N.D. Cal. Mar. 15, 2016) ...................................................... 11

*Sanders v. The RealReal, Inc.*,
  2021 WL 1222625 (N.D. Cal. Mar. 31, 2021) ...................................................... 11

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
  119 F. Supp. 3d 1213 (C.D. Cal. 2015) ................................................................ 11

*Skilstaf, Inc. v. CVS Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ............................................................................... 5

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................. 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ............................................................................................... 4

*Veal v. LendingClub Corp.*,
  2020 WL 3128909 (N.D. Cal. June 12, 2020) ..................................................... 12

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 4

Fed. R. Evid. 201(b) ................................................................................... 5, 10, 11, 12

Defendant Twitter, Inc. ("Twitter"[1]) respectfully requests that the Court consider the following documents, which are attached to the accompanying Declaration of Whitney B. Weber, in connection with Defendant Twitter's Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint ("TAC"):

- **Exhibit 2:** A July 18, 2020 Twitter blog post, updated on July 30, 2020, entitled, "An update on our security incident," which is publicly available at https://blog.twitter.com/en_us/topics/company/2020/an-update-on-our-security-incident.

- **Exhibit 3:** A September 24, 2020 *Wired* Magazine article entitled, "How Twitter Survived Its Biggest Hack – and Plans to Stop the Next One," which is publicly available at https://wired.me.

- **Exhibit 4:** Twitter's Form 10-Q for the quarter ended September 30, 2020, which was filed with the Securities and Exchange Commission ("SEC") on October 30, 2020. All SEC filings are publicly available at www.sec.gov/edgar.

- **Exhibit 5:** A September 24, 2020 Twitter blog post entitled, "Our continued work to keep Twitter secure," which is publicly available at https://blog.twitter.com/en_us/topics/company/2020/our-continued-work-to-keep-twitter-secure.

- **Exhibit 6:** An December 2, 2019 Twitter blog post entitled, "What we have been doing to protect your privacy data," which is publicly available at https://blog.twitter.com/en_us/topics/company/2019/privacy_data_protection.

- **Exhibit 7:** Twitter's Transparency – Information Operations webpage, as it appeared publicly during the Class Period at https://transparency.twitter.com/en/reports/information-operations.html

---

[1] X Corp. is the successor in interest to Twitter, Inc., and the Twitter platform was recently renamed "X." For consistency with Plaintiffs' pleading and other briefing, Defendants refer to X Corp. as "Twitter" or the "Company" in its pleadings. Terms that are not otherwise defined in this Request have the same meaning as in Twitter's Notice of Motion to Dismiss and accompanying Memorandum of Points and Authorities, filed herewith.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CENTURY CITY

1

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS TAC
Case No. 2:22-cv-06525-MSC-E

(TAC ¶216), printed using the publicly available Internet Archiving webpage Wayback Machine from the archived webpage snapshot captured on September 1, 2020, at http://web.archive.org/web/20200901182533/https://transparency.twitter.com/en/reports/information-operations.html.[2]

- **Exhibit 8:** A November 26, 2020 Twitter blog post entitled, "Nation states exerting power online – sharing data can guard against it," which is publicly available at https://blog.twitter.com/en_us/topics/company/2020/nation-states-exerting-power-online-sharing-data-can-guard-again.

- **Exhibit 9:** A June 13, 2019 Twitter blog post entitled, "Information operations on Twitter: principles, process, and disclosure," which is publicly available at https://blog.twitter.com/en_us/topics/company/2019/information-ops-on-twitter.

- **Exhibit 10:** A December 2, 2021 Twitter blog post entitled, "Disclosing state-linked information operations we've removed," which is publicly available at https://blog.twitter.com/en_us/topics/company/2021/disclosing-state-linked-information-operations-we-ve-removed.

- **Exhibit 11:** A December 2, 2021 Twitter blog post entitled, "Expanding access beyond information operations," which is publicly available at https://blog.twitter.com/en_us/topics/company/2021/-expanding-access-beyond-information-operations-.

- **Exhibit 12:** A September 21, 2022 Stanford Internet Observatory report entitled, "My Heart Belongs to Kashmir: An Analysis of a Pro-Indian Army Covert Influence Operation on Twitter," which is publicly available at https://cyber.fsi.stanford.edu/io/news/india-twitter-takedown.

---

[2] Plaintiffs appear to acknowledge that the https://transparency.twitter.com/en/reports/information-operations.html webpage link now automatically redirects to https://transparency.twitter.com/en/reports/moderation-research.html, which does not include the language quoted in Plaintiffs' TAC ¶216. The cited language does, however, appear in the archived webpage snapshot in Exhibit 7.

- **Exhibit 13:** Twitter's historical stock price and volume information for the period of January 3, 2022 to October 27, 2022, which was downloaded from https://finance.yahoo.com.

- **Exhibit 14:** A July 23, 2020 *Reuters* article entitled, "Exclusive: More than 1,000 people at Twitter had ability to aid hack of accounts," which is publicly available at https://www.reuters.com.

- **Exhibit 15:** A May 25, 2022 Twitter blog post entitled, "FTC settlement: Our commitment to protecting your privacy and security," which is publicly                              available                              at https://blog.twitter.com/en_us/topics/company/2022/ftc-settlement-twitter.

- **Exhibit 16:** Twitter's Form 10-K for the period ended December 31, 2020, which was filed with the SEC on February 17, 2021.  All SEC filings are publicly available at www.sec.gov/edgar.

- **Exhibit 17:** A December 20, 2022 *Intercept* article entitled, "Twitter Aided the Pentagon in its Covert Online Propaganda Campaign," which is publicly available at https://theintercept.com/2022/12/20/twitter-dod-us-military-accounts/.

- **Exhibit 18:** An August 23, 2022 *Washington Post* article entitled, "Former security chief claims Twitter buried 'egregious deficiencies,'" which is publicly available at https://www.washingtonpost.com.

- **Exhibit 19:** An internal Twitter document entitled, "Current State Assessment," which was available through a hyperlink in the August 23, 2022 Washington Post Article (Exhibit 18) entitled, "Former security chief claims Twitter buried 'egregious deficiencies,'" publicly available at https://www.washingtonpost.com.

- **Exhibit 20**: An internal Twitter document entitled, "Issues and Objections Regarding Twitter InfoSec Information and the Q4 2021 Risk Committee," which is available through a hyperlink in the August 23, 2022 Washington Post Article (Exhibit 18) entitled, "Former security chief claims Twitter buried 'egregious deficiencies,'" publicly available at https://www.washingtonpost.com.

- **Exhibit 21**: The July 6, 2022 Sensitive & Confidential Whistleblower Disclosure of Peiter Zatko, which is available through a  hyperlink in the August 23, 2022 *Washington Post* article (Exhibit 18) entitled, "Former

security chief claims Twitter buried 'egregious deficiencies,'" publicly available at https://www.washingtonpost.com.

- **Exhibit 22**: A May 25, 2022 complaint filed by the Federal Trade Commission against Twitter, Case No. 3:22-cv-03070 (N.D. Cal.).

These documents are properly considered by the Court because they are incorporated by reference into the TAC, subject to judicial notice, or both.

## I.    ARGUMENT

In ruling on a motion to dismiss a securities class action, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-62 (C.D. Cal. 2012).

The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("[b]oth [the incorporation by reference doctrine and judicial notice] permit district courts to consider materials outside a complaint"); *Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (similar). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citation omitted); *see also Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 522 F. Supp. 3d 660, 670 (N.D. Cal. 2021) (the incorporation-by-reference doctrine "prevent[s] plaintiffs from cherry-picking portions of documents that support their claims, while omitting portions that weaken their claims"), *aff'd in relevant part sub nom. E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F. 4th 918 (9th Cir. 2023). And in considering whether a statement is false or misleading, courts must view that

statement in the full context in which it was made. *Khoja,* 899 F.3d. at 1002; *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020) ("false statements 'must be analyzed in context'" (citation omitted)).

A document is incorporated by reference into a pleading if the plaintiff "extensively refer[s] to the document or else the document [] form[s] the basis of the plaintiff's claim." *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*5 (N.D. Cal. June 2, 2020). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted); *see also Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at \*14 (C.D. Cal. Apr. 14, 2015) ("[w]here a document has been incorporated by reference in a complaint, a court may treat such a document as part of the complaint" and "can consider the entire document, not simply the portion on which plaintiffs rely" (citations omitted)).

Additionally, the Court may take judicial notice of any fact that is "not subject to reasonable dispute," because it is either "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *See In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008). Information that is subject to judicial notice can be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation omitted).

### A.   **Exhibits 2 Through 22 Are Incorporated By Reference Into the TAC**

Plaintiffs extensively reference, quote, and rely on Exhibits 1 through 22 in their TAC, which means these documents are incorporated by reference and properly considered in their entirety:

| Exhibit | Plaintiffs' Allegations and TAC Cites |
|---|---|
| **Exhibit 2:** July 18, 2020 Twitter blog post, updated on July 30, 2020, entitled, "An update on our security incident" | Plaintiffs allege Exhibit 2 contains purportedly false and misleading statements about Twitter's cybersecurity measures. *See* TAC ¶¶39, 87, 100. |
| **Exhibit 3:** September 24, 2020 *Wired* Magazine article entitled, "How Twitter Survived Its Biggest Hack – and Plans to Stop the Next One" | Plaintiffs allege Exhibit 3 includes a purportedly false and misleading statement about Twitter's cybersecurity measures. *See, e.g.*, TAC ¶¶28, 41, 87-92. |
| **Exhibit 4:** Twitter's Form 10-Q for the quarter ended September 30, 2020, which was filed with the SEC on October 30, 2020 | Plaintiffs allege Exhibit 4 contains purportedly false and misleading statements about Twitter's cybersecurity practices and mDAU metric. *See, e.g.*, TAC ¶¶184-187, 266, 275, 307. |
| **Exhibit 5:** September 24, 2020 Twitter blog post entitled, "Our continued work to keep Twitter secure" | Plaintiffs allege Exhibit 5 contains false and misleading statements about Twitter's cybersecurity measures. *See e.g.*, TAC ¶¶40, 87, 100, 140. |
| **Exhibit 6:** December 2, 2019 Twitter blog post entitled, "What we have been doing to protect your privacy data" | Plaintiffs allege a September 24, 2020 Twitter blog post entitled, "Our continued work to keep Twitter secure" (Exhibit 5) contains purported false and misleading statements about the Company's "privacy by design" efforts. *See id*. The "privacy by design" language directly linked to—and thus incorporated—Exhibit 6, was hyperlinked to Exhibit 6. *See* TAC ¶140. |
| **Exhibit 7:** Twitter's Transparency – Information Operations page, as it appeared publicly during the Class Period | Plaintiffs allege Exhibit 7 contains purportedly false and misleading statements about influence campaigns. *See, e.g.*, TAC ¶¶216, 217, 220, 224. |

| Exhibit | Plaintiffs' Allegations and TAC Cites |
|---|---|
| **Exhibit 8:** November 26, 2020 Twitter blog post entitled, "Nation states exerting power online – sharing data can guard against it" | Plaintiffs allege Exhibit 8 contains purportedly false and misleading statements about influence campaigns. *See* TAC ¶¶217, 226. |
| **Exhibit 9:** June 13, 2019 Twitter blog post entitled, "Information operations on Twitter: principles, process and disclosure" | Plaintiffs allege Exhibit 9 provides support for their scienter allegations regarding Twitter's statements about influence campaigns. *See* TAC ¶236 n.27. |
| **Exhibit 10:** December 2, 2021 Twitter blog post entitled, "Disclosing state-linked information operations we've removed" | Plaintiffs allege that Exhibit 10 contains purportedly false and misleading statements about Twitter's influence campaign disclosures. TAC ¶¶215-216. |
| **Exhibit 11:** December 2, 2021 Twitter blog post entitled, "Expanding access beyond information operations" | Plaintiffs allege a December 2, 2021 Twitter blog post entitled, "Disclosing state-linked information operations we've removed" (Exhibit 10) contains purportedly false and misleading statements about influence campaigns. That exhibit directly linked to— and thus incorporated—Exhibit 11, and told the public it could "learn more about [Twitter's] future [misinformation] disclosures" by reviewing Exhibit 11. *See* TAC ¶¶215-216.[3] |
| **Exhibit 12:** September 21, 2022 Stanford Internet Observatory report entitled, "My Heart Belongs to Kashmir: An Analysis of a Pro-Indian Army Covert Influence Operation on Twitter" | Plaintiffs allege Exhibit 12 provides support for their falsity and scienter allegations regarding challenged statements about influence campaigns. *See* TAC ¶¶252 & nn.30, 31. |

[3] Indeed, Plaintiffs do not claim that the October 8, 2020, February 23, 2021, and December 2, 2021 challenged blog posts themselves contained any false or misleading statements—instead, Plaintiffs allege that those blog posts linked to *other* sites that they claim contained false or misleading statements. *See* TAC ¶¶215-216. Plaintiffs thus agree that all hyperlinked posts are incorporated, and must be considered together. *See id.* ("Each of these blog posts prominently displayed hyperlinks to" other posts).

| Exhibit | Plaintiffs' Allegations and TAC Cites |
|---|---|
| **Exhibit 13:** Twitter's historical stock price for the period of January 3, 2022, to October 27, 2022 | Plaintiffs allege Twitter's stock price dropped during the period covered by Exhibit 13. *See* TAC ¶¶328-346. |
| **Exhibit 14:** July 23, 2020 *Reuters* article entitled, "Exclusive: More than 1,000 people at Twitter had ability to aid hack of accounts" | Plaintiffs allege Exhibit 14 provides support for their falsity and scienter allegations regarding challenged statements about cybersecurity. *See, e.g.*, TAC ¶¶71, 95. |
| **Exhibit 15:** May 25, 2022 Twitter blog post entitled, "FTC settlement: Our commitment to protecting your privacy and security" | Plaintiffs allege Exhibit 15 contains purportedly false and misleading statements about user privacy settings. *See* TAC ¶156. |
| **Exhibit 16:** Twitter's Form 10-K for the period ended December 31, 2020, which was filed with the SEC on February 17, 2021. | Plaintiffs allege Exhibit 16 contains purportedly false and misleading statements about Twitter's cybersecurity practices and mDAU metric. *See* TAC ¶¶184, 268. |
| **Exhibit 17:** December 20, 2022 *Intercept* article entitled, "Twitter Aided the Pentagon in its Covert Online Propaganda Campaign" | Plaintiffs allege Exhibit 17 provides support for their falsity allegations regarding challenged statements about influence campaigns. *See* TAC ¶229 & n.22 |
| **Exhibit 18:** August 23, 2022 *Washington Post* article entitled, "Former security chief claims Twitter buried 'egregious deficiencies'" | Plaintiffs allege Exhibit 18 provides support for their falsity, scienter, and loss causation allegations as to all of Plaintiffs' allegations. *See, e.g.*, TAC ¶¶8, 12, 77, 117, 252. |
| **Exhibit 19**: An internal Twitter document entitled, "Current State Assessment." which is available through a hyperlink in the August 23, 2022 Washington Post Article entitled, "Former security chief claims Twitter buried 'egregious deficiencies'" | Exhibit 19 was attached to and incorporated into the August 23, 2022 *Washington Post* article (submitted as Exhibit 18). Plaintiffs allege that Exhibit 18 provides support for their falsity, scienter, and loss causation allegations as to all of Plaintiffs' allegations. *See, e.g.*, TAC ¶¶8, 12, 77, 117, 252. |
| **Exhibit 20:** An internal Twitter document entitled, "Issues and Objections Regarding Twitter InfoSec Information and the Q4 2021 Risk Committee," which | Exhibit 20 was attached to and incorporated into the August 23, 2022 *Washington Post* article (submitted as Exhibit 18). Plaintiffs allege that Exhibit 18 provides support for their falsity, scienter, and loss causation |

| Exhibit | Plaintiffs' Allegations and TAC Cites |
|---|---|
| was available through a hyperlink in the August 23, 2022 *Washington Post* Article entitled, "Former security chief claims Twitter buried 'egregious deficiencies'" | allegations as to all of Plaintiffs' allegations. *See, e.g.*, TAC ¶¶8, 12, 77, 117, 252. |
| **Exhibit 21:** July 6, 2022 Sensitive & Confidential Whistleblower Disclosure of Peiter Zatko | Exhibit 21 was attached to and incorporated into the August 23, 2022 *Washington Post* article (submitted as Exhibit 18).  Plaintiffs allege that Exhibit 18 provides support for their falsity, scienter, and loss causation allegations as to all of Plaintiffs' allegations. *See, e.g.*, TAC ¶¶8, 12, 77, 117, 252. |
| **Exhibit 22:**  A May 25, 2022 complained filed by the Federal Trade Commission against Twitter, Case No. 3:22-cv-03070 (N.D. Cal.). | Plaintiffs allege a May 25, 2022 Twitter blog post entitled "FTC settlement: Our commitment to protecting your privacy and security" (Exhibit 15) contains purportedly false and misleading statements.  That exhibit directly linked to—and thus incorporated—Exhibit 22.  *See* TAC ¶156.  Plaintiffs also repeatedly point to the draft of the May 25, 2022 complaint in support of their falsity and scienter allegations, and do not allege that the final complaint differed in any material way from the draft complaint. *See id.* ¶¶50-51, 149, 153. |

These exhibits, which are referenced, quoted, and relied on by Plaintiffs in support of their causes of action, form the basis of Plaintiffs' claims and thus are incorporated by reference into the TAC.  *See, e.g.*, *Khoja*, 899 F.3d at 1004-05 (finding incorporation by reference documents that "formed the basis" of Plaintiff's claims and documents which Plaintiff "did more than merely mention it"); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5-7 (N.D. Cal. Nov. 23, 2021) (incorporating by reference SEC filings, earnings call transcripts, and conference presentations transcripts); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (finding incorporation by reference appropriate when "the contents

of the document are alleged in a complaint"), *rev'd in other part*, *In re Facebook, Inc. Securities Litig.*, 84 F. 4th 844 (9th Cir. 2023); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (finding incorporation by reference where "[a]ll . . . items were either referenced or quoted in the CAC").  The Court should therefore consider these exhibits in their entirety in deciding the Motion to Dismiss. *See, e.g.*, *Khoja*, 899 F.3d at 1002; *In re CNET Networks, Inc. S'holder Deriv. Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007).

In particular, the Court should consider the *full* content and context of the statements Plaintiffs challenge as false or misleading—along with the documents Plaintiffs rely on to support their assertions—because Plaintiffs often selectively quote (or worse, mischaracterize) the documents on which they anchor their claims. *See In re Eventbrite*, 2020 WL 2042078, at *7 ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context.").  The incorporation-by-reference doctrine prevents Plaintiffs from cherry picking certain portions of a document to support their claims while omitting other portions of the same documents that doom those claims. *Khoja*, 899 F.3d at 1002.

## B.     The Exhibits Are Subject to Judicial Notice

In addition, Exhibits 2 through 22 are subject to judicial notice because they are matters of public record (or otherwise available in the public domain) that are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).  Courts routinely take "judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d at 827 (citations omitted).  Exhibits 2 through 22 are matters of public record or otherwise available in the public domain, and each is capable of "accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal.

2009).

### 1.    Twitter's SEC Filings Are Judicially Noticeable

Exhibits 4 and 16 are properly subject to judicial notice because they are public filings made by Twitter with the SEC, and are thus matters of public record not subject to reasonable dispute.   Fed. R. Evid. 201(b); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available." (citations omitted)).   Courts routinely take judicial notice of SEC filings at the motion to dismiss stage to determine what "representations the Company made to the market." *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021); *see also Russian Hill Capital, LP v. Energy Corp. of Am.,* 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"); *Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain").

### 2.    Twitter's Public Statements In Blog Posts and Information Pages Are Judicially Noticeable

Exhibits 2, 5 through 11, and 15 are blog posts from Twitter's official blog and its transparency report information page.  Judicial notice of all nine Exhibits is appropriate because they are all documents that are publicly available on Twitter's websites, and all are "matters of public record not subject to reasonable dispute." *See Sanders*, 2021 WL 1222625 at *4; *see also Enigma Software Group USA LLC v. Malwarebytes, Inc.*, 2021 WL 3493764, at *5 (N.D. Cal. Aug. 9, 2021) (granting judicial notice for publicly-available webpages on defendant's website).  The Court can take judicial notice that certain information was made publicly available in these Exhibits.  *See In re Facebook*, *Inc. Sec. Litig.,* 477 F. Supp. 3d 980, 1010 (N.D. Cal.

2020) (judicially noticeable facts include "that the market was aware of information contained in news articles" and "publicly accessible websites whose accuracy and authenticity are not subject to dispute"), *rev'd in other part*, *In re Facebook, Inc. Securities Litig.*, 84 F. 4th 844 (9th Cir. 2023).

For example, it is appropriate to take judicial notice of Exhibit 2 for the fact that Twitter disclosed certain information to the public regarding the July 2020 security incident—*e.g.*, when and how the attack occurred, and how Twitter was planning to fix it. *See* Ex.2. Likewise, the Court should take judicial notice of the fact that Twitter publicly stated its plans to discontinue public releases of datasets regarding influence campaigns. *See* Ex.11. Indeed, courts routinely take judicial notice that companies publicly stated certain information. *See, e.g.*, *In re Facebook, Inc. Sec. Litig.,* 477 F. Supp. 3d at 1010 (taking judicial notice of company's blog post and online data policy); *Garcia v. J2 Glob., Inc*., 2021 WL 1558331, at *8 (C.D. Cal. Mar. 5, 2021) (taking judicial notice of webpages related to defendant's businesses); *Veal v. LendingClub Corp*., 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (taking judicial notice of blog posts). Additionally, company webpages retrieved from the Wayback Machine internet archive (like Exhibit 7) are properly judicially noticeable and may be accepted for the fact that they were publicly available on the "date portrayed." *Garcia*, 2021 WL 1558331, at *9; *see also Erickson v. Neb. Mach. Co*., 2015 WL 4089849, at *1 n.1 (N.D. Cal. 2015). Plaintiffs appear to acknowledge that they intend to refer to the version of this webpage available during the Class Period, as the webpage link they cite now automatically redirects to a new URL, which does not include the language quoted in Plaintiffs' TAC ¶216. *See supra* n.2.

### 3.    Public News Articles Are Judicially Noticeable

Judicial notice of Exhibits 3, 12, 14, and 17 through 21 is appropriate because these documents are publicly available news articles, research reports, and supporting materials, which are capable of accurate and ready determination from

sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Facebook*, 405 F. Supp. 3d at 827. Indeed, the Court may take judicial notice of these articles "to show that the market was aware of the information contained in the articles." *Facebook*, 405 F. Supp. 3d at 828 (granting judicial notice of eleven publicly available news articles "to show that the market was aware of the information contained in the articles"); *see also In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (judicial notice of news articles proper to "show[] that particular information was available to the stock market" (quoting *Gerristen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015)); *Am. Apparel*, 855 F. Supp. 2d at 1062 (similar) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999)). Exhibits 19 through 21 (the Zatko whistleblower report and two internal Twitter documents) were attached to Exhibit 18 (the August 23, 2022 *Washington Post* article), and perform the same public notice function. *See In re BofI Holding, Inc. S'holder Litig.*, 2017 WL 784118, at *7 (S.D. Cal. Mar. 1, 2017) (granting judicial notice of whistleblower complaint); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *11 (C.D. Cal. Jan. 16, 2013) (taking judicial notice of confidential company information "leaked" through news article).

### 4.    The FTC Complaint Is Judicially Noticeable

Judicial notice of Exhibit 22 is appropriate because the FTC Complaint is a "public record[]," which is a "proper subject[] of judicial notice." *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of FTC complaint); *see also In re Google Priv. Pol'y Litig.*, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of FTC complaint and FTC press release).

### 5.    Twitter's Stock Price Is Judicially Noticeable

Judicial notice of Exhibit 13 is appropriate because the price of Twitter's common stock from January 3, 2022, to October 27, 2022, is "subject to accurate

and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Brodsky*, 630 F. Supp. 2d at 1111-12. Courts routinely take judicial notice of a company's historical stock prices. *See Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *13 (C.D. Cal. Jan 12, 2012) (collecting cases); *Metzler*, 540 F.3d at 1064 n.7 (taking judicial notice of reported stock price history was proper).

## II.    CONCLUSION

For the foregoing reasons, Twitter respectfully requests that the Court consider Exhibits 2 through 22 in connection with Twitter's Motion to Dismiss.

Dated: November 10, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Michele D. Johnson*
Michele D. Johnson (CA Bar No. 198298)
  michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
  whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
  andrew.clubok@lw.com
Susan E. Engel (*Pro Hac Vice*)
  susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.*