EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANNE E. BEAUMONT (*Pro Hac Vice*)
abeaumont@fklaw.com
GEOFFREY CAJIGAS (*Pro Hac Vice*)
gcajigas@fklaw.com
FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
7 Times Square
New York, NY  10036-6516
Telephone: (212) 833-1100

*Attorneys for Defendant Damien Kieran*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, and DAMIEN KIERAN,<br><br>Defendants. | CASE NO. 2:22-cv-06525-MCS<br><br>Honorable Mark C. Scarsi<br><br>**DEFENDANT DAMIEN KIERAN'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT; JOINDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:       01/22/2024<br>Time:      9:00 a.m.<br>Location:  Courtroom 7C<br><br>Filed:       09/13/2022<br>TAC:        10/04/2023<br>Trial Date:  TBD |

Mitchell Silberberg &
Knupp LLP

**MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on January 22, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Mark C. Scarsi, in the First Street Courthouse, Courtroom 7C, 7th Floor, 350 W. 1st Street, Los Angeles, CA 90012, Defendant Damien Kieran ("Kieran") will bring for hearing this Motion to Dismiss.  Kieran moves to dismiss the claims asserted against him in the Third Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. 130) (the "TAC"), filed by Plaintiffs William Baker, Jill Sligay, Lenard Roque, and Amolkumar Vaidya, (collectively "Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth in the attached joinder and memorandum of points and authorities, Kieran seeks an order that dismisses, with prejudice, all claims asserted against him for failure to state a claim on which relief may be granted.

This motion is based on this notice of motion and motion, the attached joinder and memorandum of points and authorities, the notice of motion and motion to dismiss filed by Twitter, Inc. and the memorandum of points and authorities in support thereof (the "Company Brief"), the notice of motion and motion and motion to dismiss filed by Jack Dorsey, Parag Agrawal, and Ned Segal and the joinder and memorandum of points and authorities in support thereof (the "Individual Defendants' Brief"), the corresponding declarations and accompanying exhibits and requests for judicial notice, the entire case files and records of this action, and such further argument as may be presented before or after the hearing on this matter, including through reply briefing.

//

Mitchell Silberberg
& Knupp LLP

2

**MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 1, 2023.

Dated: November 10, 2023

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
Anne E. Beaumont
Geoffrey Cajigas

By:  /s/Emily F. Evitt
Emily F. Evitt
Attorneys for Defendant Damien Kieran

3

**MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

Mitchell Silberberg
& Knupp LLP

**JOINDER AND MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ARGUMENT**

    **A.    Plaintiffs Did Not Seek, and the Court Did Not Grant, Permission to Add Kieran as a Defendant**

As a threshold matter, Kieran should be dismissed from this action because Plaintiffs failed to properly add him as a defendant.  As this Court stated in its August 25, 2023 order granting the prior motion to dismiss the Corrected Amended Complaint, "justice is most efficiently served when the parties abide by the proper procedures." (Dkt. 123 at 26.)  That order required Plaintiffs, in relevant part, to "file a properly noticed motion or joint stipulation to add **any party** not currently named to this lawsuit." (*Id.* (emphasis in original).)  On September 15, 2023, Plaintiffs filed the Second Amended Complaint (the "SAC"), which purported to add Kieran as a defendant. (Dkt. 126.)  Plaintiffs did not file a properly noticed motion or joint stipulation to do so.  Plaintiffs also purport to name Kieran as a defendant in the TAC.  Although the stipulation setting the briefing deadlines for motions to dismiss the TAC states that the SAC "added Kieran as a defendant," that stipulation, which was filed *after* the SAC and to which Kieran was not a party, *did not* reflect any court order or agreement to add Kieran as a defendant in this action. (Dkt. 127.)  Plaintiffs' noncompliance is particularly inexcusable because they have known of Kieran's identity for some time.  For example, the Amended Complaint filed on February 13, 2023, mentioned Kieran by name, (Dkt. 65 ¶¶ 232, 242), as did the previously dismissed Corrected Amended Complaint. (Dkt. 81 ¶¶ 232, 242.)

Kieran should be dismissed from this action with prejudice for this reason alone.  Furthermore, for the reasons set forth below and in the Company Brief and Individual Defendants' Brief, any motion by Plaintiffs seeking leave to add Kieran as a defendant would be futile.  Kieran reserves all rights to oppose such a motion

on the grounds set forth in the current motion to dismiss briefing, or on any other applicable grounds.

### B.    Most of the Alleged Misstatements Are Not Attributed to Kieran

Kieran cannot be liable for the alleged misstatements in the TAC that are not attributed to him.

Rule 10b-5 imposes liability upon a person who "make[s] any untrue statement of a material fact."  17 C.F.R. § 240.10b-5(b).  Only a person "with ultimate authority over the statement, including its content and whether and how to communicate it" qualifies as its "maker."  *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S.Ct. 2296, 2302 (2011).  A person also can be liable under Rule 10b-5 for "disseminating" a false or misleading statement with intent to defraud.  *See Lorenzo v. Securities & Exchange Commission*, 139 S.Ct. 1094, 1101 (2019).

The TAC does not allege that Kieran made or disseminated any of the statements in Statement Set 2 (cybersecurity practices), Statement Set 5 (cybersecurity risk), Statement Set 6 (influence campaigns), or Statement Sets 7 and 8 (mDAU).  As noted in the Individual Defendants' Brief (at 22 n.8), any attempt to attribute these statements to *Kieran* through group pleading would be improper.  (TAC ¶¶ 9, 13, 61, 77, 113, 139, 144, 155, 173, 185, 187, 203, 206, 209, 211, 213, 219, 222-224, 226, 281, 285, 286, 303-306, 308, 309 n.46, 312-315, 322, 328, 329, 331, 332, 336, 338, 339, 340, 347, 375 (alleging statements made and conduct undertaken by "*Defendants*").)  Moreover, the TAC expressly attributes certain of the statements at issue to a specific speaker *other than Kieran*. (**Statement 1c** (Parag Agrawal), **Statement 2** (Ned Segal), **Statement 6e** (Katy Mishall), **Statement 6f** (Parag Agrawal), **Statement 7b** (Jack Dorsey).)

Because the TAC does not (and cannot) attribute any of the foregoing statements to Kieran, he cannot be liable for them, and the claims against him therefore should be dismissed to the extent they rely on those statements.  In any

event, those statements also are not actionable for the reasons set forth in the Company Brief and the Individual Defendants' Brief. (Company Brief at 8-9, 11-14, 15-23; Individual Defendants' Brief at 7-22.)

### C. Kieran Joins the Company Brief and the Individual Defendants' Brief as to the Statements Allegedly Attributed to Him

The three alleged misstatements that the TAC *does* expressly attribute to Kieran (**Statements 1b, 3, and 4**) are not actionable for the reasons set forth in the Company Brief. (Company Brief at 6-8, 9-11, 15-23.)

The TAC also attempts to attribute a fourth alleged misstatement to Kieran (**Statement 1a**). For the reasons set forth in the Company Brief, it does not adequately do so (Company Brief at 20), nor is the statement actionable in any event. (Company Brief at 6-8, 15-18, 21-22.)

Finally, as set forth in the Individual Defendants' Brief, the Section 20(a) claim against Kieran also should be dismissed because the TAC fails to plead an underlying Section 10(b) violation. (Individual Defendants' Brief at 21-22.)

## II. CONCLUSION

For the reasons stated in this memorandum, the Company Brief, and the Individual Defendants' Brief, Kieran respectfully requests that the Court dismiss all claims against him, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: November 10, 2023

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
Anne E. Beaumont
Geoffrey Cajigas

By:    /s/Emily F. Evitt
        Emily F. Evitt

Mitchell Silberberg & Knupp LLP

**MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Damien Kieran certifies that this Joinder and Memorandum of Points and Authorities contains 853 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 10, 2023          MITCHELL SILBERBERG & KNUPP LLP
                                  Emily F. Evitt

                                  FRIEDMAN KAPLAN SEILER
                                  ADELMAN & ROBBINS LLP
                                  Anne E. Beaumont
                                  Geoffrey Cajigas


                                  By:   /s/Emily F. Evitt
                                        Emily F. Evitt

Mitchell Silberberg &
Knupp LLP

7

**MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**