POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff*
*William Baker, Additional Plaintiff*
*Jill Sligay, and Co-Lead Counsel*
*for the Proposed Class*

[additional counsel on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, and DAMIEN KIERAN,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**PLAINTIFFS' PARTIAL OBJECTION TO DEFENDANT TWITTER, INC.'S REQUEST FOR CONSIDERATION UNDER THE INCORPORATION BY REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT (DKT. 141)**<br><br>Judge:    Hon. Mark. C. Scarsi<br>Date:     January 22, 2024<br>Time:    9:00 a.m.<br>Place:    Courtroom 7C |

# I.    ARGUMENT

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). Consideration of matters outside the pleading converts a 12(b)(6) motion into a motion for summary judgment unless the external matters are considered under the incorporation-by-reference doctrine or judicial notice under Federal Rule of Evidence 201. *Id.*

"[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But Defendants may not do so to dispute the allegations in the Complaint because "the incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1003, 1014.

Rule 201 provides a narrow exception that permits a court to judicially notice an adjudicative fact if it is "not subject to reasonable dispute," meaning the fact is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court may take judicial notice of the existence of a document, but not the truth of its contents unless the fact that the party wishes to notice is "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999-1002 (quoting Fed. R. Evid. 201(b)).

The Ninth Circuit has "note[d] a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998. Accordingly, the consideration of documents pursuant to incorporation-by-reference and judicial notice

1

doctrine must be carefully limited to avoid "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id*.

The law is clear: courts disfavor incorporation by reference and judicial notice at the pleadings stage. Yet Defendants *still* ask the Court to consider twenty-two documents ("Exhibits") other than the Third Amended Class Action Complaint ("TAC") (Dkt.130) in adjudicating Twitter's motion to dismiss ("Tw.Br.") (Dkt.139).[1]

Plaintiffs object to the Court's consideration of Exhibits 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, 18 which Defendants improperly use to dispute the TAC's allegations. Plaintiffs do not object to the Court taking judicial notice of the existence of each of the Exhibits. But "a court cannot take judicial notice of disputed facts contained in" the Exhibits. *Khoja* at 899 F.3d at 999.

***Exhibits 2, 3, 5, 6, 7, 8, 10, and 11*** are blog posts and a news article in which the TAC alleges Defendants made misleading statements. Defendants refer to these exhibits for the truth of their contents to dispute the TAC's allegations. Tw.Br. at 2-4, 7, 10. This is improper. As the Ninth Circuit has stated, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. "If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999. Defendants' use of these exhibits in this fashion is particularly egregious since they are asking the Court to assume the truth of sources that the TAC alleges contain misstatements.

---

[1] Citations to "Ex. _" or "Exhibit _" are to the exhibits to the Declaration of Whitney B. Weber in Support of Twitter's Motion to Dismiss the Third Amended Class Action Complaint (Dkt.140). Citations to "¶" are to the TAC (Dkt.130).

PLS.' PARTIAL OBJECTION TO TWITTER'S REQ. FOR JUDICIAL NOTICE          Case No. 2:22-cv-06525-MCS-E

***Exhibit 9***, a June 13, 2019 blog post by Yoel Roth, and ***Exhibit 12,*** a September 21, 2022 Stanford Internet Observatory Report, are not incorporated by reference into the TAC. A document is incorporated by reference only if the complaint refers to the document "extensively" or it "forms the basis" of the plaintiff's claim. *Id.* at 1002. The TAC refers to each document only once (¶236 n.27, ¶252) and "[f]or 'extensively' to mean anything . . . , it should, ordinarily at least, mean more than once." *Khoja*, 899 F.3d at 1003. Additionally, these documents do not form the basis for Plaintiffs' claims. The TAC only references Exhibit 9 in a footnote listing blog posts that Roth wrote concerning Twitter's efforts to address state misinformation campaigns. ¶236 n.27. The TAC uses Exhibit 12 to show that Twitter did not disclose the Chinar Corp's campaign until August 24, 2022. ¶252. But even if Exhibit 9 and Exhibits 12 were incorporated by reference, Defendants' use of the documents (Tw.Br. at 4, 14, 21) "to dispute facts stated in" the TAC would still be improper. *Khoja*, 899 F.3d at 999, 1003.

***Exhibit 14*** is a July 23, 2020 *Reuters* article concerning the 2020 hack of Twitter. The Court should reject Twitter's request to incorporate this article by reference because the TAC does not cite this article for the truth of its contents. Instead, the TAC cites the article to allege what was in the news. ¶¶71, 95. Accordingly, Twitter cannot use the article for the truth of its contents in its motion to dismiss. Tw.Br. at 7.

***Exhibit 18*** is the August 23, 2022 article reporting on Zatko's whistleblower complaint. The Court may properly take judicial notice that Twitter's PR department at the time disputed Zatko's allegations (*see* Tw.Br. at 4-5), but not that Twitter was right.

## II.    CONCLUSION

For the reasons set forth above, Twitter's request should be partially denied. Plaintiffs reserve the right to challenge any additional uses of the Exhibits by Defendants.

3

Dated: December 1, 2023

Respectfully submitted,
POMERANTZ LLP

By: */s/ Jonathan D. Park*

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jhorne@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiffs Lenard Roque and Amolkumar Vaidya, and Co-Lead Counsel for the Class*

**POMERANTZ LLP**

Jeremy A. Lieberman (*pro hac vice* forthcoming)
Jonathan D. Park (*pro hac vice*)
Dolgora Dorzhieva (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
jpark@pomlaw.com
ddorzhieva@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiff Jill Sligay, and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

4

*Additional Counsel*

5

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this document contains 991 words, including headings, footnotes, and quotations but excluding the caption, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits.

Dated: December 1, 2023                                    /s/ *Jonathan D. Park*

Jonathan D. Park

PLS.' PARTIAL OBJECTION TO TWITTER'S REQ. FOR JUDICIAL NOTICE          Case No. 2:22-cv-06525-MCS-E