POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff*
*William Baker, Additional Plaintiff*
*Jill Sligay, and Co-Lead Counsel*
*for the Proposed Class*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, and DAMIEN KIERAN,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT DAMIEN KIERAN'S MOTION TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT (DKT. 142)**<br><br>Judge:   Hon. Mark C. Scarsi<br>Date:    January 22, 2024<br>Time:    9:00 a.m.<br>Place:   Courtroom 7C |

## I.    ARGUMENT

### A.    Plaintiffs' Addition of Damien Kieran Was Not Improper.

Defendant Damien Kieran argues (Dkt.142) that he should be dismissed from this action because Plaintiffs purportedly did not properly add him as a Defendant. Kieran cites the Court's opinion and order (Dkt.123 ("Opinion" or "Op.")) dismissing the Corrected Amended Complaint (Dkt.81) (referred to herein as the "FAC," or First Amended Complaint) and granting Plaintiffs leave to amend. But the Opinion provided that "Lead Plaintiff shall file a properly noticed motion ***or joint stipulation*** to add any party not currently named to this lawsuit or to add any new claim for relief." Op. at 26:12-14 (emphasis added).

Plaintiffs *did* file a joint stipulation with the then-Defendants to add Kieran as a Defendant. As permitted, Plaintiffs filed the Second Amended Class Action Complaint on September 15, 2023. Dkt.126 (the "SAC"). The next business day, Yoel Roth, Twitter, Inc.'s ("Twitter") former Director, Head of Site Integrity and Senior Director, Head of Trust & Safety, published an article in *The New York Times* that set forth new information directly relevant to Plaintiffs' claims, which Plaintiffs wished to include in a further amended complaint. *See* Dkt.127 (the "Stipulation").

On September 19, 2023, Plaintiffs' counsel contacted counsel for the Defendants named in the SAC that had appeared in the action to propose a stipulation to file a third amended complaint ("TAC") that named Kieran as a defendant. *Id*. at 2. Several days later, the *Washington Post* published an article that Plaintiffs also believe set forth new information directly relevant to their claims. *Id*. at 3. After further discussions, the parties filed the Stipulation on September 28, 2023. The Stipulation, signed by counsel for all Defendants who had appeared, provided for filing of the TAC naming Kieran as a Defendant and set a response date for all Defendants that was sixty days after Plaintiffs sent a Waiver of the Service of Summons form to Kieran. *Id.* The Court endorsed the stipulation on October 3, 2023 (Dkt.129), and Plaintiffs filed the Third Amended

PLAINTIFFS' MP&A IN OPPN. TO KIERAN MOTION TO DISMISS                Case No. 2:22-cv-06525-MCS-E

Complaint (the "TAC") the following day (Dkt.130). Kieran's counsel did not appear until almost two weeks later, on October 17, 2023 (Dkt.131). Thus, all Defendants for whom counsel had entered an appearance consented to the filing of the TAC naming Kieran as a Defendant.

Kieran argues that he was not party to that stipulation, but incorrectly assumes that the Court required his consent, rather than that of the existing Defendants that had entered appearances. The Opinion is silent on whether Plaintiffs must reach a stipulation with the additional party where counsel for that party has not entered an appearance.

Kieran further argues that the Stipulation was filed after the SAC, but the Opinion is also silent on whether Plaintiffs may seek to add a party by joint stipulation *after* the filing of the complaint adding the new party.

By contrast, the Court unequivocally commanded Plaintiffs to file an amended complaint within fourteen days and that "[f]ailure to file a timely amended complaint will waive the right to do so." Op. at 26:18-19; *see also* Dkt.125 (extending deadline by seven days). The deadline for amendment did not permit time to file and obtain a ruling on a motion to add Kieran as a defendant. In any event, Defendants stipulated to the addition of Kieran prior to the filing of the TAC.

Plaintiffs believe the Stipulation complied with the Opinion. If not, Plaintiffs apologize and request that the Court grant leave to add Kieran *nunc pro tunc*. Kieran raises no separate arguments for dismissal. Whether the TAC states a claim against him hinges entirely on the Court's ruling on the other Defendants' arguments. Requiring that Plaintiffs file a motion to add Kieran would just delay the proceedings. Leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2). Kieran does not argue otherwise, and the other Defendants could not oppose such a motion after consenting to the filing of the TAC. Moreover, dismissing Kieran *with prejudice*, as he requests, is inconsistent with Rule 15's liberal standard for amendment.

PLAINTIFFS' MP&A IN OPPN. TO KIERAN MOTION TO DISMISS        Case No. 2:22-cv-06525-MCS-E

**B.      Plaintiffs Adequately Allege Kieran's Liability.**

Kieran also argues that he is not liable under Section 10(b) for statements that the TAC does not attribute to him. The TAC identifies each speaker for each statement, alleging that Kieran made Statements 1b and 3 with Defendant Parag Agrawal, and was the sole maker of Statement 4.[1] TAC ¶¶40, 140, 156. Kieran joins Twitter's arguments regarding those statements, but does not offer any additional reasons he should be dismissed.

Kieran also argues that the Section "control person" 20(a) claims against him should be dismissed because the TAC does not allege primary Section 10(b) violations. Kieran does not dispute that the TAC sufficiently alleges his "control" for purposes of Section 20(a). 15 U.S.C. § 78t(a). The TAC sufficiently alleges a primary violation of Section 10(b), as set forth in Plaintiffs' oppositions to the two other motions to dismiss, and thus also alleges a Section 20(a) claim against Kieran.

## II.      CONCLUSION

Defendant Kieran's motion should be denied. Should the Court dismiss Plaintiffs' claims, in whole or in part, Plaintiffs request leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

Dated: December 1, 2023                     Respectfully submitted,
                                            POMERANTZ LLP

                                            By: */s/ Jonathan D. Park*

**THE ROSEN LAW FIRM, P.A.**            **POMERANTZ LLP**

Laurence M. Rosen (SBN 219683)          Jeremy A. Lieberman (*pro hac vice*
355 South Grand Avenue, Suite 2450      forthcoming)

---

[1] For the Court's convenience, this brief employs the numbering used in Defendants' motions to dismiss and in Exhibit 1 (Dkt.140-1) to the Declaration of Whitney B. Weber (Dkt.140).

Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jonathan Horne (*pro hac vice*)
Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jhorne@rosenlegal.com
balexander@rosenlegal.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiffs Lenard Roque and Amolkumar Vaidya, and Co-Lead Counsel for the Class*

Jonathan D. Park (*pro hac vice*)
Dolgora Dorzhieva (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
jpark@pomlaw.com
ddorzhieva@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Court-Appointed Lead Plaintiff William Baker, Additional Plaintiff Jill Sligay, and Co-Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel*

4

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this memorandum of points and authorities contains 891 words, including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits.

Dated: December 1, 2023                    /s/ *Jonathan D. Park*
                                           Jonathan D. Park

5