David L. Anderson (SBN 149604)
dlanderson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants Parag Agrawal and Ned Segal*

Additional Counsel on Signature Page

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**DEFENDANTS JACK DORSEY, PARAG AGRAWAL, AND NED SEGAL'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>*[Filed concurrently with Reply in Support of Motion to Dismiss and Defendant Twitter, Inc.'s Reply in Support of Motion to Dismiss and Reply in Support of Request for Judicial Notice]*<br><br>Judge: Hon. Mark C. Scarsi<br><br>Hearing Date: January 22, 2024<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7C |

## I.    INTRODUCTION

Plaintiffs' Opposition ("Opp. RJN") to Individual Defendants' Request for Judicial Notice ("Request") mischaracterizes Individual Defendants' reliance on Exhibits A through G (publicly-available SEC filings and news articles) to manufacture disputes in a well-settled area of law.  Plaintiffs make no attempt to dispute the ample authority from securities cases in the Ninth Circuit that make clear this Court can and should consider Exhibits A through G.

Contrary to Plaintiffs' suggestion, Opp. RJN at 3-5, post-*Khoja* (*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)), courts in securities cases continue to incorporate and take judicial notice of documents like those here.  *See, e.g.*, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at \*7 (N.D. Cal. Apr. 28, 2020) (stating "Plaintiffs oversimplify *Khoja*" and taking judicial notice of SEC filings, analyst reports, shareholder letters, and earnings call transcripts); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at \*6 (N.D. Cal. Sept. 3, 2019) (rejecting reliance on *Khoja* as "merely restat[ing] the rule that notice is only proper when facts are not subject to reasonable dispute").

Indeed, the Ninth Circuit confirmed *Khoja* did not change the rules governing what courts should consider at the pleading stage in securities cases: "When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, *those specific facts are controlling*." *In re Finjan Holdings*, *Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (emphasis added).  "Similarly, where a complaint incorrectly summarizes or characterizes a legally operative document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, *the document itself is controlling*." *Id.* (emphasis added).

The Court should grant Individual Defendants' Request and incorporate by reference and take judicial notice of Exhibits A through G.

INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE -
CASE NO. 2:22-cv-06525-MCS-E

## II.   ARGUMENT

### A.   Plaintiffs Improperly Argue the Substance of Individual Defendants' Motion to Dismiss

The Opp. RJN improperly adds three pages of legal argument to Plaintiffs' opposition to the underlying motion to dismiss. *See* Opp. RJN at 2-3 (Exs. A through C); *id.* at 4 (Exs. D and E); *id.* at 5 (Ex. G). In effect, Plaintiffs argue that judicial notice should not be taken for these exhibits because Plaintiffs disagree with Individual Defendants' purported arguments based on them. *Id.* at 3-5. But "whether [Individual Defendants] may offer a . . . defense in a motion to dismiss, or whether the defense would succeed, goes to the substance of the motion . . . not the admissibility of evidence." *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020).

### B.   Exhibits A Through G Are Incorporated By Reference

Plaintiffs do not (and cannot) dispute that they reference, quote, and rely on Exhibits A through G in their TAC, ¶¶ 281-285, 336-338, which means these documents are incorporated by reference and can properly be considered in their entirety. *See, e.g.*, *Khoja*, 899 F.3d at 1002, 1004-05 (finding incorporated by reference documents that "formed the basis" of Plaintiff's claims and documents which Plaintiff "did more than merely mention"). Once a document is incorporated by reference, the court "may treat such a document as part of the complaint," "may assume that its contents are true for purposes of a motion to dismiss," and "can consider the entire document, not simply the portion on which plaintiffs rely." *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) (citations omitted); *see also Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating by reference SEC filing referred to and relied on in the complaint).

Still, Plaintiffs insist the Court depart from well-established authority and consider cherry-picked portions of documents that purportedly support Plaintiffs'

claims and none of the portions that doom their claims.  This is precisely what the incorporation-by-reference doctrine guards against.  *Khoja*, 899 F.3d at 1002.  In fact, when considering whether a statement is false or misleading, courts should view the statement in the full context in which it was made.  *See In re Eventbrite*, 2020 WL 2042078, at *7; *Khoja*, 899 F.3d. at 1002.

Contrary to Plaintiffs' argument, "incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents."  *Khoja*, 899 F.3d at 1014; *see Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020), *aff'd*, 848 F. App'x 278 (9th Cir. 2021) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted).  While Individual Defendants do not ask the Court to use these documents "only to resolve factual disputes against the plaintiff's well-pled allegations," *Khoja*, 889 F.3d at 1014, the Court may consider Exhibits A through G to the extent that these documents in context contradict Plaintiffs' allegations.  *See Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiffs' conclusory allegations.") (emphasis in original omitted).

### C.    Exhibits A Through G Are Subject to Judicial Notice

Plaintiffs do not challenge any legal authorities in Individual Defendants' Request that show Exhibits A through G are properly subject to judicial notice.  These documents are matters of public record or available in the public domain that are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  Courts routinely take "judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) of publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008

INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE - CASE NO. 2:22-cv-06525-MCS-E

(N.D. Cal. 2020) (rev'd in part on other grounds) (internal citations omitted).

With respect to Exhibits A and F (Twitter's SEC filings), courts routinely take judicial notice of SEC filings at the motion to dismiss stage to determine what "representations the Company made to the market." *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021); *see also In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings "for the fact that those filings contained certain disclosures").

As for Exhibits B through E and G (news articles), courts may take judicial notice of articles "to show that the market was aware of the information contained in news articles." *In re Facebook*, 477 F. Supp. 3d at 1008-1009, 1018 (granting judicial notice of at least eight publicly available news articles "to show that the market was aware of the information contained in news articles"); *see also In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (judicial notice of news articles proper to "show[] that particular information was available to the stock market" (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015)); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (similar) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)).

Contrary to Plaintiffs' arguments, Individual Defendants use Exhibits A through G to show what representations were made to the market or what information was known to the market, which are both permissible purposes. *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. 2020) (taking judicial notice of or incorporating by reference 21 SEC filings, investor presentation transcripts and slide decks, articles, and historical stock price data); *see In re Silver Wheaton*, 2019 WL 1512269, at *8 (taking judicial notice of SEC filings "for the fact that those filings contained certain disclosures").

And Plaintiffs' broad references to *Khoja* change nothing. *Khoja* did not change the law, as multiple courts have since recognized. *See, e.g., In re Eventbrite*,

2020 WL 2042078, at *7 (stating that "Plaintiffs oversimplify *Khoja*" and taking judicial notice of 10 SEC filings, analyst reports, shareholder letters, and earnings call transcripts); *Golub*, 2019 WL 4168948, at *6 (rejecting reliance on *Khoja* as "merely restat[ing] the rule that notice is only proper when facts are not subject to reasonable dispute"). Courts in shareholder cases have heeded *Khoja's* guidance in repeatedly taking judicial notice of documents just like those here. *See, e.g.*, *In re Facebook*, 477 F. Supp. 3d at 1007-1009 (taking judicial notice of SEC filings and news articles).

Importantly, Plaintiffs do not claim the SEC filings or news articles are "subject to varying interpretations" as to what they reveal about what statements were made to the market or what information was known to the market. *Khoja*, 899 F.3d at 1000. The Court therefore may notice SEC filings and news articles for the "limited purpose of determining what information was disclosed to the public during the class period." *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017); *see also Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain").

INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE - CASE NO. 2:22-cv-06525-MCS-E

## III.    CONCLUSION

For the foregoing reasons, Individual Defendants ask that the Court grant their Request and incorporate by reference and take judicial notice of Exhibits A through G in connection with their Motion to Dismiss.

Respectfully Submitted,

Dated: December 15, 2023

SIDLEY AUSTIN LLP

By */s/ Jaime A. Bartlett*
David L. Anderson (SBN 149604)
dlanderson@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

*Attorneys for Defendants Parag Agrawal and Ned Segal*

Dated: December 15, 2023

MUNGER, TOLLES & OLSON LLP

By */s/ George M. Garvey*
George M. Garvey (SBN 89543)
george.garvey@mto.com
Abraham R. Oved (SBN 335927)
avi.oved@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: (213) 683-9100

*Attorneys for Defendant Jack Dorsey*

INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE -
CASE NO. 2:22-cv-06525-MCS-E

## CIVIL L.R. 5-4.3.4(a)(2)(i) ATTESTATION

I, Jaime A. Bartlett, am the ECF user whose ID and password are being used to file DEFENDANTS JACK DORSEY, PARAG AGRAWAL, AND NED SEGAL'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE. In compliance with Civil Local Rule 5-4.3.4(2)(i), I hereby attest that counsel for all signatories listed on the signature page have concurred in this filing.

Dated: December 15, 2023                    By:    /s/ *Jaime A. Bartlett*
                                                    Jaime A. Bartlett

INDIVIDUAL DEFENDANTS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE -
CASE NO. 2:22-cv-06525-MCS-E