LATHAM & WATKINS LLP
Michele D. Johnson (CA Bar No. 198298)
  michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235

Whitney B. Weber (CA Bar No. 281160)
  whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Andrew B. Clubok (*Pro Hac Vice*)
  andrew.clubok@lw.com
Susan E. Engel (*Pro Hac Vice*)
  susan.engel@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.3309

*Attorneys for X Corp., successor in interest to
named Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, MOHAMMED THASEEN, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, and DAMIEN KIERAN,<br><br>Defendants. | Case No. 2:22-cv-06525-MCS-E<br><br>**DEFENDANT TWITTER, INC.'S REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION UNDER THE INCORPORATION-BY-REFERENCE DOCTRINE OR JUDICIAL NOTICE IN SUPPORT OF TWITTER, INC.'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:   Hon. Mark C. Scarsi<br>Date:    January 22, 2024<br>Time:    9:00 a.m.<br>Place:   Courtroom 7C<br><br>*[Reply in Support of Motion to Dismiss concurrently filed herewith]* |

## I.    INTRODUCTION

Plaintiffs agree that the Court should consider Exhibits 1, 4, 13, 15-17, and 19-22 in ruling on Twitter's Motion to Dismiss (Dkt. 139, "Motion" or "Mot.").  As to the remaining twelve exhibits (Exhibits 2-3, 5-12, 14, and 18), Plaintiffs concede they are cited in the complaint and properly subject to judicial notice, but contest Twitter's use of their contents to "dispute the TAC's allegations."  Dkt. 147 ("RJN Opp.") at 2.  Rather than dispute well-pled allegations, however, the Exhibits show that Plaintiffs are attempting to manufacture a securities-fraud lawsuit by cherry-picking "portions of documents that support their claims, while omitting portions of those very documents that weaken their claims."  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018).  The Court should consider all of the Exhibits in their entirety.

## II.    ARGUMENT

### A.    The Exhibits Are Incorporated by Reference, and the Court Should Consider Them in Full

Of the twelve exhibits Plaintiffs contest, they admit that nine of them (Exhibits 2-3, 5-8, 10-11, 18) are incorporated by reference.  RJN Opp. at 2-3.  Plaintiffs argue only that the Court should not "assume the truth of the incorporated" Exhibits over the allegations in the TAC.  RJN Opp. at 2.  But "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss."  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  Moreover, a court "need not credit as true allegations in the complaint that are contradicted by" specific information in incorporated documents.  *Coyoy v. City of Eloy*, 859 F. App'x 96, 96 (9th Cir. 2021); *see also In re Finjan Holdings, Inc. Secs. Litig.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) ("When a general conclusion in a complaint contradicts specific facts retold in a document … incorporated by reference in the complaint … those specific facts are controlling.").  This "prevents plaintiffs from selecting only portions of documents that support their

claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *In re Eventbrite, Inc. Secs. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("[N]othing in *Khoja* prevents this Court from analyzing an alleged false statement in context."). Accordingly, the Court should consider each of the Exhibits in their entirety, not just Plaintiffs' self-selected facts or interpretations. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *In re NVIDIA*, 768 F.3d at 1058 n.10 (holding that a document may be "consider[ed] … in its entirety" under the incorporation by reference doctrine where Plaintiffs "rel[ied] on portions of it in their complaint").

Plaintiffs argue that Exhibit 9 and Exhibit 12 are not incorporated by reference because the "TAC refers to each document only once" and they do not form the basis of Plaintiffs' claims. RJN Opp. at 3. To the contrary, Plaintiffs rely on both documents as part of the basis for their claim that Twitter concealed information about two influence campaigns. For example, Plaintiffs rely on Exhibit 9, an article published by Yoel Roth, in an attempt to plead scienter for their Statement Set 6 allegations. TAC ¶236 & n.27. Similarly, Exhibit 12 concerns Twitter's disclosure of information related to the supposedly concealed influence campaigns, which Plaintiffs again claim is support for their falsity and scienter allegations. TAC ¶252. Plaintiffs' "claim depends" on Exhibits 9 and 12 to demonstrate both falsity and scienter. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document") (citation omitted); *see In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023) (finding documents "incorporated by reference as the basis for Lead Plaintiffs' allegations of falsity"). Plaintiffs' backup

and unsupported argument that Twitter improperly "dispute[s] facts" in the TAC (RJN Opp. at 3) also fails. Plaintiffs do not point to *any* "facts" from Exhibits 9 or 12 that were improperly disputed—and in any event, the incorporation-by-reference doctrine exists to prevent Plaintiffs from presenting an incomplete picture. *See Khoja*, 899 F.3d at 1002; *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (finding "incorporation by reference of [an] exhibit is necessary to assess the veracity of the challenged statement in context" in a Section 10(b) case).

Plaintiffs also argue that Exhibit 14 is not incorporated by reference because the "TAC does not cite this article for the truth of its contents," but merely "to allege what was in the news." RJN Opp. at 3. But Plaintiffs do not dispute that Exhibit 14 was cited and quoted "extensively" in the TAC and forms the basis of their claims. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020); TAC ¶¶ 70-71, 95, 98, 101. Exhibit 14 is thereby properly incorporated by reference.

**B.    The Exhibits Are Judicially Noticeable and the Court Should Consider Their Contents in Their Entirety**

Plaintiffs "do not object to the Court taking judicial notice" of any of the Exhibits. RJN Opp. at 2. Their qualm is with the Court "'tak[ing] judicial notice of *disputed facts* contained in' the Exhibits." *Id.* (quoting *Khoja*, 899 F.3d at 999) (emphasis added). But Plaintiffs point to only *one* Exhibit (Exhibit 18) that Twitter cites to purportedly dispute a well-pled "fact." *Id.* at 3. Plaintiffs contend that the Court should not accept that "Twitter was right" when it denied Zatko's whistleblower allegations. *Id.* at 3 (citing Mot. at 4-5). But they do not disagree that Twitter "disputed Zatko's allegations," *id.*, which is all Twitter's Motion said, Mot. at 5 ("Twitter denied [Zatko's] allegations"). In any event, courts routinely judicially notice publicly available documents that "indicate what was in the public realm at the time," including statements made by the defendant in a securities action. *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1231 (C.D. Cal. 2015) (judicially noticing "press release [that] describes a statement by Scrips"); *see*

*Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1028 (C.D. Cal. 2015) (judicial notice of new articles is appropriate "in securities cases for the purpose of showing that particular information was available to the stock market"). Twitter's statement within Exhibit 18 is precisely that.

## III.    CONCLUSION

Twitter respectfully requests that the Court consider the full contents of all of the Exhibits in assessing Twitter's Motion to Dismiss.

Dated:  December 15, 2023                Respectfully submitted,

                                         LATHAM & WATKINS LLP

                                         By /s/ *Michele D. Johnson*
                                         Michele D. Johnson (CA Bar No. 198298)
                                           michele.johnson@lw.com
                                         650 Town Center Drive, 20th Floor
                                         Costa Mesa, California 92626-1925
                                         Telephone: +1.714.540.1235

                                         Whitney B. Weber (CA Bar No. 281160)
                                           whitney.weber@lw.com
                                         505 Montgomery Street, Suite 2000
                                         San Francisco, California 94111-6538
                                         Telephone: +1.415.391.0600

                                         Andrew B. Clubok (*Pro Hac Vice*)
                                           andrew.clubok@lw.com
                                         Susan E. Engel (*Pro Hac Vice*)
                                           susan.engel@lw.com
                                         555 Eleventh Street, NW, Suite 1000
                                         Washington, D.C. 20004-1304
                                         Telephone: +1.202.637.3309

                                         *Attorneys for X Corp., successor in interest to named Defendant Twitter, Inc.*