EMILY F. EVITT (SBN 261491)
  efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANNE E. BEAUMONT (*Pro Hac Vice*)
  abeaumont@fklaw.com
GEOFFREY CAJIGAS (*Pro Hac Vice*)
  gcajigas@fklaw.com
FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
7 Times Square
New York, NY  10036-6516
Telephone: (212) 833-1100

*Attorneys for Defendant Damien Kieran*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM BAKER, JILL SLIGAY, LENARD ROQUE, and AMOLKUMAR VAIDYA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC., JACK DORSEY, NED SEGAL, PARAG AGRAWAL, and DAMIEN KIERAN,<br><br>Defendants. | CASE NO. 2:22-cv-06525-MCS-E<br><br>Honorable Mark C. Scarsi<br><br>**DEFENDANT DAMIEN KIERAN'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT AND JOINDER**<br><br>Time:        9:00 a.m.<br>Date:        01/22/2024<br>Location:   Courtroom 7C<br><br>Filed:       09/13/2022<br>TAC:        10/04/2023<br>Trial Date:  TBD |

Mitchell
Silberberg &
Knupp LLP

**REPLY ISO MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

# JOINDER AND REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.    ARGUMENT

### A.    Plaintiffs' Addition of Damien Kieran Was Improper

Kieran's opening brief (Dkt. 142) established that Plaintiffs did not comply with this Court's order of August 25, 2023 (Dkt. 123) (the "Order") when they purported to add Kieran as a defendant in the SAC[1] without filing a properly noticed motion or joint stipulation.  In their opposition (Dkt. 150 at 1-2), Plaintiffs argue that they did comply with the Order because *after* filing the SAC, they filed a joint stipulation with the "then-Defendants" to add Kieran as a defendant in the TAC (Dkt. 127) (the "Stipulation").  Plaintiffs misconstrue the Order and the Stipulation.

In granting leave to amend, courts routinely place conditions on the amendments that may be made, including limiting or even prohibiting the addition of new parties.  *See, e.g.*, *King v. Cty. of Los Angeles*, 2016 WL 893617, at *4 (C.D. Cal. Mar. 8, 2016) (dismissing new defendants where amended complaint adding them exceeded court's authorization to amend); *Kennedy v. Full Tilt Poker*, 2010 WL 3984749, *1 (C.D. Cal. Oct. 12, 2010) (third amended complaint stricken where addition of new defendants exceeded court's authorization to amend and plaintiffs had not sought leave to add new defendants as required by Rule 15).

Here, the Order's requirement of a motion or stipulation to add "**any party not currently named**" (emphasis in original) was prompted by the fact that, in their Corrected Amended Complaint, Plaintiffs unilaterally had purported to add new *plaintiffs* without doing either.  (Order at 25-26.)  The Order went farther by requiring a stipulation or motion not solely to add new *plaintiffs*, but for the

---

[1] Undefined terms herein have the same meaning as in Kieran's opening brief.

2

REPLY ISO MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN

Mitchell
Silberberg &
Knupp LLP

addition of "**any party**," thus expressly including a new *defendant* such as Kieran. There is no genuine dispute that Plaintiffs did not do that.

Nor did (or could) the Stipulation alter or remedy Plaintiffs' non-compliance with the Order. More specifically, the Stipulation did not purport to reflect an agreement between Plaintiffs and the then-Defendants to add Kieran as a new defendant in either the SAC or the TAC. The only purpose of the Stipulation was to set a briefing schedule for motions to dismiss the TAC. Plaintiffs already had violated the Order when they added Kieran as a defendant to the SAC, and the then-Defendants did not (and could not) "cure" Plaintiffs' violation simply by agreeing to a briefing schedule.

In light of Plaintiffs' clear non-compliance with the Order, Plaintiffs' claims against Kieran should be dismissed from this action with prejudice. In any event, as detailed in Kieran's opening brief and this reply, a motion by Plaintiffs to amend their complaint to add Kieran as detailed in the TAC would be futile.

**B.      Kieran Joins the Company's and Individual Defendants' Reply Briefs**

Kieran joins the reply memorandum of points and authorities in further support of the motion to dismiss filed by Twitter, Inc. (the "Company Reply") as to the three alleged misstatements attributed to him in the TAC (**Statements 1b, 3, and 4**) and as to the fourth alleged misstatement that the TAC inadequately attributes to him (**Statement 1a**). These statements are not actionable for the reasons set forth in the Company Brief and the Company Reply. (Company Brief at 6-8, 9-11, 15-23; Company Reply at 1-4, 7-10.)

Kieran also joins in the reply memorandum of points and authorities in further support of the motion to dismiss filed by Jack Dorsey, Parag Agrawal, and Ned Segal (the "Individual Defendants' Reply"). As set forth in the Individual Defendants' Brief, the Section 20(a) claim against Kieran also should be dismissed because the TAC fails to plead an underlying Section 10(b) violation as to any of

Mitchell
Silberberg &
Knupp LLP

3

**REPLY ISO MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

the alleged misstatements.  (Individual Defendants' Brief at 21-22.)  Moreover, the TAC does not allege that Kieran "controlled" (or had any role at all in) Statements 1(c) and 2, which the TAC expressly attributes to Parag Agrawal and Ned Segal, respectively, or that Kieran "controlled" (or had any role in) any of the statements in Statement Set 5 (cybersecurity risk in Twitter, Inc.'s SEC filings), Statement Set 6 (influence campaigns), or Statement Sets 7 and 8 (mDAU).  (*See* Individual Defendants' Reply at 9.)

## II.    CONCLUSION

For the reasons stated in Kieran's opening brief and this memorandum, the Company Brief, the Company Reply, the Individual Defendants' Brief, and the Individual Defendants' Reply, Kieran respectfully requests that the Court dismiss all claims against him with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: December 15, 2023

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
Anne E. Beaumont
Geoffrey Cajigas


By:    */s/Emily F. Evitt*
Emily F. Evitt
Attorneys for Defendant Damien Kieran

Mitchell
Silberberg &
Knupp LLP

**REPLY ISO MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Damien Kieran certifies that this reply and joinder contains 756 words, which complies with the word limit of L.R. 11-6.1 and Section 9(d) of the Honorable Mark C. Scarsi's Civil Standing Order.

Dated: December 15, 2023

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt

FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
Anne E. Beaumont
Geoffrey Cajigas

By:    /s/Emily F. Evitt
         Emily F. Evitt

Mitchell
Silberberg &
Knupp LLP

5

**REPLY ISO MOTION TO DISMISS BY DEFENDANT DAMIEN KIERAN**