UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:22-cv-06525-MCS-E** | Date | January 19, 2024 |
| Title | ***Baker et al. v. Twitter, Inc. et al.*** | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER REQUIRING SUPPLEMENTAL CHART FROM LEAD PLAINTIFF**

The Court previously granted in part and denied in part Defendants' motion to dismiss Lead Plaintiff's corrected amended complaint. (Order 25–26, ECF No. 123.) The Court granted Lead Plaintiff leave to amend his complaint, (*id.*), and provided Lead Plaintiff with a template for the amended pleading: provide general background information if necessary, then structure the complaint "follow[ing] a very simply formula: 1) Defendants stated [Statement 1, 2, 3 . . . ]; 2) this is false because . . . ; 3) at the time the statement was made Defendant knew the statement was false because . . . ," (*id.* at 6).

Rather than provide the Court and Defendants with an easily navigable Third Amended Class Action Complaint utilizing this formula, Lead Plaintiff combined the previously parsed out statements into eight sets and offered overarching allegations of falsity and scienter for each set. (*See generally* TAC.) Notwithstanding Lead Plaintiff's failure to follow direction, to preserve the Court from wasting even more judicial resources digging for details in Lead Plaintiff's brief and pleading, the Court orders Lead Plaintiff to provide a well-organized chart to assist it in adjudicating the three motions to dismiss before it. Specifically, the Court requests the following chart:

1) Column 1: Statement Number
   - Given that Lead Plaintiff has not numbered the statements individually, he may list them using first the number of the statement set, and second the order of appearance in the statement set. E.g., Statement 1-1, or Statement 1(a).
2) Column 2: Location in TAC
   - Lead Plaintiff must identify the paragraph number in which the statement appears.
3) Column 3: Previous Statement Number
   - This row will only apply to statements previously pleaded by Lead Plaintiff and addressed by the Court in its previous Order. For example, the Court previously referred to Statement 1-2 or 1(b) as Statement 12 in the appendix of the Court's Order. (Order 34.)
4) Column 4: Statement
   - Lead Plaintiff is to insert the statement itself into this column.
5) Column 5: Falsity Allegations
   - Lead Plaintiff must cite the falsity allegations pertinent to the statement. E.g., for Statement 1-1, TAC ¶¶ 42–79 appears to be the appropriate entry.
6) Column 6: Modifications?
   - If Lead Plaintiff modified the falsity allegations for this statement in any way from the corrected amended complaint to the Third Amended Complaint, note those modifications with a citation of the allegations as pleaded in the consolidated amended complaint.
7) Column 7: The Court's Previous Findings
   - If the Court previously made any findings regarding the falsity of this statement in its Order include that finding with a pinpoint citation of the Order.
8) Column 8: Scienter Allegations
   - Lead Plaintiff must cite the scienter allegations pertinent to the statement. E.g., for Statement 1-1, TAC ¶¶ 89–119 appears to be the appropriate entry.
9) Column 9: Modifications?
   - If Lead Plaintiff modified the scienter allegations for this statement in any way from the corrected amended complaint to the Third Amended Complaint, note those modifications with a citation of the allegations as pleaded in the consolidated amended complaint.

10)  Column 10: The Court's Previous Findings
- If the Court previously made any findings regarding Lead Plaintiff's scienter allegations, include that finding with a pinpoint citation of the Order.

The Court provides an example first row, which is attached as an annex to this Order. The Court orders Lead Plaintiff to submit a chart similar in format within 14 days of entry of this Order. Lead Plaintiff must submit courtesy copies on legal paper. Failure of Lead Plaintiff to comply with this Order may result in involuntary dismissal of his claims without prejudice. Fed. R. Civ. P. 41(b). After reviewing Lead Plaintiff's submission, the Court will set a date to hear Defendants' motions to dismiss the Third Amended Complaint.

**IT IS SO ORDERED.**

ANNEX

| Statement Number | Location in Previous TAC | Previous Stmt. Number | Statement | Falsity Allegations | Modifications | Court's Previous Findings | Scienter Allegations | Modifications2 | Court's Previous Findings 2 |
|---|---|---|---|---|---|---|---|---|---|
| 1(b) | TAC ¶ 40 | Statement 12 | We are constantly working to balance how we build products and provide support to people who use Twitter while ensuring the security and privacy of people who use our service. *That means access is limited and is only granted for valid business reasons (i.e., ensuring an account holder can get support if they are locked out of their account). To further secure our internal tools from potential misuse, we have been strengthening the rigorous checks that team members with access must undergo.* This also helps reduce the potential for an unauthorized person to get access to our systems. *We have strict principles around who is allowed access to which tools and at what time, and require specific justifications for customer data to be accessed.* Similar to how we proactively detect and alert you of suspicious behavior on your account to help you keep it secure, we have internal detection and monitoring tools that help alert us of unusual behavior or possible unauthorized attempts to access our internal tools. *These tools are constantly being improved, even since the July incident, to include things like expanding our detection and response efforts to include suspicious authentication and access activity.* | TAC ¶¶ 42–79 | None. Previously pleaded as is. (CCC ¶ 232.) | "It is possible to conclude that Twitter did not maintain any safeguards or require any justifications to access use accounts. Consequently, this statement is potentially false or misleading and therefore not puffery." (Order 9)<br><br>Lead Plaintiff has adequately alleged statement is false and misleading (Order 15) | TAC ¶¶ 89–119. | Defendant Agrawal allegedly made Statement 12 on September 24, 2020, (CCC ¶ 232) …almost five months before almost five months before Mr. Zatko's presentation, (*id.* ¶ 232). | "Because there is no indication that the speaker of these statements was aware they were false at the time they were made, Lead Plaintiff has not adequately alleged scienter." (Order 20.) |